J^LOLLEY, J.
Gloria Annette Turner Simmons (“Turner”) appeals the judgment of the Second Judicial District Court, Parish of Jackson, State of Louisiana, in favor of her former spouse, Gaylon Simmons (“Simmons”). For the following reasons, we affirm.
Facts
Turner and Simmons were divorced by judgment rendered September 14, 2000. See, Simmons v. Simmons, 34,942 (La.App.2d Cir.08/22/01), 795 So.2d 448. The parties had considerable community prop *715 erty, and as a result, several agreements regarding same have been entered into by the parties.[1] One of these was a Consent Judgment on Motion to Modify Consent Judgment rendered on January 5, 2001, and signed on February 7, 2001 (the “consent judgment”). In the consent judgment, the parties agreed’ that “[a]ll joint litigation expenses of the parties in connection with the litigation entitled Riddle v. Simmons, in the 2nd Judicial District Court, Jackson Parish, Louisiana, are to be paid one-half (]£) by each party” (the “attorney fees”). Notably, the consent judgment as well divided and distributed a $1,000,000 money fund owned by the parties. The consent judgment was not, appealed by either party.
On July 24, 2003, Simmons filed a Rule for Contempt, alleging, amongst other claims, that Turner had failed to pay her portion of the attorney fees as ordered in the consent judgment. A hearing was held on the matter, and the trial court rendered judgment. Turner was not found to be in contempt of court for not having paid the litigation expenses; however, she 12was ordered to pay her one-half of the attorney fees in the amount of $160,333.48 no later than December 31, 2003, or to then be found in contempt. It is from that judgment that this appeal ensues.
Discussion
The judgment being appealed stems from the parties’ previous consent judgment which addressed the payment of the attorney fees among other items. Turner did not appeal the consent judgment; however, she did not act as ordered in the consent judgment and pay the attorney fees as agreed to by the parties. Notably, she apparently did accept her one-half of the distributed $1,000,000.00 A.G. Edwards Moriey Fund, another action addressed by the consent judgment. ■
Following Simmons’ rule for contempt, the trial court entered a second judgment, again ordering Turner to pay her half of the attorney fees or be held in contempt of court. This judgment is the subject of the appeal before us, to which Turner raises one issue: whether the trial court erred in ordering her to pay litigation fees and expenses or be held in contempt of court. She argues that the trial court’s order that she pay the litigation expenses results in piecemeal partition of the community property, which partition she characterized as “ongoing.” Moreover, she said the nature of Simmons’ claim is one in reimbursement, which is prematuré now considering that the community has not been settled. At the hearing on Simmons’ Rule for Contempt, Turner claimed that she did not agree to pay the litigation expenses, a deal her former attorney made, nor could she afford to pay said expenses.
1initially, we note that the consent judgment ordering Turner to pay the attorney fees was a final, binding judgment. Thus, we will not consider the propriety of the trial court’s original order that Turner pay one-half of the attorney fees. Interestingly, Turner argues that such an order to pay the attorney fees amounts to piecemeal settlement of the community; however, it appears she accepted, without complaint, the disbursement of $500,000.00. out of the community prior to the final settlement of same.
Despite Turner’s claims, the rule for contempt was properly before the trial court. Turner failed to obey a lawful judgment of the trial court when she did not heed the trial court’s order and pay one-half of the attorney fees. Pursuant to La. *716 C.C.P. art. 224(2), “... [wjilful disobedience of any lawful judgment, order, mandate, writ, or process of the court .is considered constructive contempt. In its discretion, the trial court could have found Turner in contempt of court for failing to adhere to its earlier order set forth in the consent judgment. Here, the trial court actively participated in the process and approved the consent judgment; thus, this consent judgment could be the basis for the finding of contempt on the part of Turner. Smith v. Smith, 35,378 (La.App.2d Cir.09/26/01), 796 So.2d 726. However, the trial court showed Turner patience and restraint in reiterating what was previously ordered, allowing her another chance to act, i.e., “a second bite at the apple,” and in not finding her in constructive contempt of the consent judgment. Her claim that her previous attorney entered into the consent judgment without her approval is baseless, as the consent judgment clearly states that her current attorney represented her in Rconfecting the consent judgment as well. In this case, the trial court simply gave Turner another chance to abide by the order already given (and apparently agreed to by her) or face the possibility of being found in contempt. There was no error committed.
Conclusion
For the foregoing reasons, the judgment of the trial court against Gloria Annette Turner Simmons is hereby affirmed, with all costs of this appeal assessed to her.
AFFIRMED.

. The record does not reflect that a final settlement of the community has occurred.