LOLLEY, J.
 

 | -, Both former spouses appeal a judgment from the First Judicial District Court, Parish of Caddo, State of Louisiana. For the following reasons we amend the judgment, and affirm as amended.
 

 FACTS
 

 Defendant, Woodrow Nesbitt, Jr. (“the husband”) and plaintiff, Annette R. Nesbitt (“the wife”), were married in 1968. They were divorced June 14, 2002. The parties entered into a voluntary partial partition of the community property. Several partition issues were previously decided by this court and the remaining unresolved issues were remanded to the trial court for its determination. See
 
 Nesbitt v. Nesbitt,
 
 40,442 (La.App. 2d Cir.01/13/06), 920 So.2d 326
 
 (“Nesbitt
 
 /”). Both parties appeal from a judgment rendered May 28, 2008, involving the remaining partition of the community property.
 

 LAW AND DISCUSSION
 

 A trial court’s factual findings and credibility determinations made in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error.
 
 McDaniel v. McDaniel,
 
 35,833 (La.App. 2d Cir.04/03/02), 813 So.2d 1232. An appellate court may not set aside a trial court’s finding of fact unless it is manifestly erroneous or clearly wrong.
 
 Rosell v. ESCO,
 
 549 So.2d 840 (La.1989). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations |2and inferences are as reasonable.
 
 Id.; Arceneaux v. Domingue,
 
 365 So.2d 1330 (La.1978).
 

 Issues raised by the husband
 

 Wine Collection
 

 The husband argues that the trial court erred in the valuation of the wine collection and further erred in awarding the entire collection to him, as opposed to a distribution in kind. We disagree. The trial court accepted a value established by an expert, and the record supports its finding. The trial court’s choice of one expert’s method of valuation over that of another will not be overturned unless it is manifestly erroneous.
 
 Ellington v. Ellington,
 
 36,943 (La.App. 2d Cir.03/18/03), 842 So.2d 1160. The record is clear that collecting wine is the husband’s hobby. While the wife may have enjoyed a glass of wine or two, the record is clear that the
 
 *1232
 
 husband was a wine enthusiast, and, therefore, the trial court did not err in awarding the husband the entire collection. The wife is entitled to a reimbursement for half the value.
 

 Interest on a past judgment
 

 The husband argues that the interest from the reimbursement amount that resulted from the husband’s personal injury case, determined in
 
 Nesbitt I,
 
 should have accrued from the date of judgment and not the date of opinion. We disagree. An equalizing payment is not due until after the trial court has determined the assets and liabilities of the community therefore judicial interest has not accrued.
 
 Reinhardt v. Reinhardt,
 
 1999-0723 (La.10/19/99), 749 So.2d 423.
 

 13Community funds given to tire campaign
 

 In
 
 Nesbitt I,
 
 this court ruled that any debt incurred by the campaign committee for the husband’s judicial campaign was not a community debt. The campaign committee is a separate entity. As such, the $266,300.00 loaned from BancorpSouth to the campaign committee is not a community obligation, and, therefore, the wife is entitled to a reimbursement.
 

 Value of campaign debt oiued to the community
 

 The husband and wife gave the husband’s campaign $92,210.57 during the community, and this court in
 
 Nesbitt I
 
 explained that this was the husband’s asset given his unique position to control its collection. However, the husband now argues that the debt owed to the community is worth zero dollars in light of his current situation, namely that he is no longer a trial judge and will not seek re-election. We disagree. We cannot find error in the trial court’s finding that the value of the loan is equal to the actual amount lent to the campaign, and the wife is entitled to a reimbursement. Further, the trial court accurately found that the husband’s lack of fundraising abilities was solely his fault and the wife played no role in the matter.
 

 Value of Professional Law Corporation
 

 The husband argues that the trial court erred in its valuation of his professional law corporation (PLC) which included several annuities. Here, the trial court used the actual value of the PLC without discount. The husband urges this court that the correct value is what a third party would pay — the “marketability” approach. Since there is no evidence that a third hiparty was interested in purchasing the PLC, and it is unlikely that this will occur, we cannot find that the trial court erred in its dismissal of the “marketability” ■ approach.
 
 Head v. Head,
 
 30,585 (La.App. 2d Cir.05/22/98), 714 So.2d 231;
 
 Ellington, supra.
 

 Matrimonial Domicile
 

 The trial court held that the husband was responsible for the neglect and deterioration of the matrimonial domicile and the resulting decreased value of the property. The trial court found the damage totaled $40,000.00, and the wife was entitled to a reimbursement. The husband argues that he did not live there and so he is not at fault, while the wife, on the other hand, argues that the amount is greater and the reimbursement should be increased to reflect the actual damage.
 

 A spouse has a duty to preserve and to manage prudently former community property under his control, including a former community enterprise, in a manner consistent with the mode of use of that property immediately prior to termination of the community regime. He is answerable for any damage caused by his fault, default, or neglect. La. C.C. art. 2369.3. We cannot find that the trial court erred in finding that the damage to the domicile
 
 *1233
 
 was caused solely by the husband. Whether he chose to live there is irrelevant as he had
 
 complete control
 
 of the matrimonial domicile and insisted that the wife could not live there despite his choice to abandon the house.
 

 While there was testimony as to the expense involved in repairing the various issues with the house—e.g., mold and moisture damage—actual | ¿remediation did not occur. Eventually, the house, in its condition, was sold in foreclosure. Because the record does not set forth a concrete devaluation amount, and we find the cost to fix the problems are not necessarily equivalent to devaluation, we must affirm the trial court’s finding of $40,000.00.
 

 However, we disagree with reimbursing the wife only half the amount, $20,000.00. This in effect gives the husband a windfall in only having to pay for half the damage he caused, and penalizes the wife through no fault of her own. As such, the wife is entitled to the entire $40,000.00 as supported by La. C.C. art. 2369.3 which states, “He is answerable for any damage caused by his fault, default, or neglect.” As such, we amend the judgment to reflect this finding.
 

 Appraiser Expense
 

 The husband makes much of the trial court’s allowance of community funds to pay Bruce Mercer, an appraiser that the wife used in response to the husband’s desire to refinance the former matrimonial domicile. The record is clear that there were several requests from both sides to use community funds with respect to the instant partition. The trial court has wide discretion in allowing experts to be paid from the community funds, and it attempted to maintain fairness among the parties during the partition process. We do not find that the trial court erred in granting community funds to pay Bruce Mercer. The wife is entitled to a reimbursement for half the amount.
 

 |
 
 issues raised by the wife
 

 Mismanagement claims
 

 The wife argues that the husband mismanaged the community assets, specifically the wine collection, and is entitled to a reimbursement for such. The trial court denied the claim. The wife argues that the husband drank several bottles of wine despite the stay on all community property. An expert, Joseph Fertitta, accounted for the individual wine bottles and ascertained a range for what the collection was worth. The trial court used the higher value for the collection which we agree remedied the potential monetary discrepancy if there were any bottles of wine unaccounted for. Furthermore, since the husband was awarded the wine collection in its entirety we see no need in speculating over the husband’s actions as he would have done himself a disservice. As such, we cannot find that the trial court erred in its decision.
 

 Rental Reimbursement
 

 The wife asserts that she is entitled to rent from the husband for his use of the matrimonial domicile. Only if a rental reimbursement claim is made against the husband at the time occupancy is determined, or if the parties agreed, can rent be collected.
 
 See McCarroll v. McCarroll,
 
 1996-2700 (La.10/21/97), 701 So.2d 1280. While the amount of rent is stipulated to in the record, it is strictly for the period of time the wife occupied the house prior to her eviction, which was determined to be two months’ rent. The colloquy does not suggest that rent from the husband was contemplated and we cannot find that both parties agreed, as required, to |7pay rent for the duration that either party was living at the matrimonial domicile. Since the record does not suppoi't the wife’s claim for rental
 
 *1234
 
 reimbursement, we find this argument to be without merit.
 

 Contempt
 

 The wife argues that the trial court erred in not finding the husband in contempt for causing a crack in the marble coffee table during its move from the husband’s residence back to the matrimonial domicile. As we stated in
 
 Nesbitt I,
 
 the trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying the court’s orders and its decision will only be reversed when the appellate court discerns an abuse of that discretion. After a review of the record, we find that the trial court did not abuse its discretion.
 

 Other Matters
 

 The wife argues that the trial court erred in the failure to award her $24,000.00 that was used for the purpose of servicing a campaign finance committee debt. In the November 30, 2004, judgment the wife reserved all rights to seek reimbursement following the determination of the type of debt involved. Since we have concluded that the funds from Ban-corpSouth were associated with the campaign committee, and that it was not a community debt, the wife is entitled to a reimbursement of half. We amend the judgment to include this amount.
 

 CONCLUSION
 

 For the foregoing reasons we bring the judgment into conformity with the trial court’s well-reasoned opinion, in addition to the amendments | ¡¡mentioned above. In all other respects the judgment is affirmed. Costs for this appeal are assessed to the parties equally.
 

 The judgment of the trial court is amended and recast, in part, as follows:
 

 JUDGMENT OF PARTITION
 

 IT IS ORDERED, ADJUDGED AND DECREED THAT DEFENDANT, B. WOODROW NESBITT, JR., is hereby granted the following reimbursement claims:
 

 1. $127,146.27 — Judgment rendered on December 2, 2002, and signed January 13, 2005.
 

 2. $4,600.00 — Rent due from the wife for two months’ occupancy in the former matrimonial domicile.
 

 3. $3,839.00 — One-half the payments made on former matrimonial domicile.
 

 4. $23,700.00 — One-half of the funds from utilization by the community of the proceeds from sale of separate immovable assets.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that DE-
 

 FENDANT, B. Woodrow Nesbitt, Jr., is hereby allocated the following community assets at the value listed beside each asset:
 

 1. Wine Collection $309,085.00
 

 2. Funds paid by the community to the Campaign $ 92,210.57
 

 | a3. B. Woodrow Nesbitt, Jr. Ltd, PLC $173,765.84
 
 [1]
 

 4. Retirement Plan (Judicial Deferred Compensation Plan) $ 11,400.00
 

 IT IS FURTHER ORDERED PLAINTIFF, ANNETTE R. NESBITT, is hereby granted the following reimbursements:
 

 1. $133,150.00 + $12,000.00 — One-half the campaign debt owed to Bancorp-South by the campaign committee and secured by the community.
 

 2. $743.16 — One-half of the electric bills and Bruce Mercer bill
 

 3. $5,443.26 — Additional amount owed to Annette R. Nesbitt for community fund advances to the PLC.
 

 4. $154,542.50 — One-half value of wine collection.
 

 
 *1235
 
 5. $46,105.29 — One-half funds paid by the community to the campaign.
 

 6. $86,883.97 — One-half value of the PLC.
 

 7. $5,700 — One-half value of the husband’s retirement plan.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DEGREED that the claim for devaluation of the former matrimonial domicile is recognized to be $40,000.00 and accordingly there be judgment in favor of the plaintiff, Annette R. Nesbitt, and against B. Woodrow Nesbitt, Jr., for the entire sum to reflect the devaluation of matrimonial domicile caused by the husband’s fault, default, or neglect, in accordance with La. C.C. art. 2369.3.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that alJien is hereby issued under La. R.S. 9:2801 against the wine collection and other property belonging to defendant necessary to effectuate said equalizing payment to plaintiff. Should there be a deficiency, the collection of the lien shall first apply to the wine collection, then the defendant’s share of the community and finally to the separate property of B. Woodrow Nesbitt, Jr.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claim by defendant, B. Woodrow Nesbitt, Jr., for interest on the judgment rendered December 2, 2005, in the amount of $127,146.27 is hereby denied.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Rule for Contempt filed by plaintiff, Annette R. Nesbitt, regarding defendant’s consumption of some of the community wine is hereby denied.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the reimbursement claim of plaintiff, Annette R. Nesbitt, for devaluation or neglect in care of said wine is hereby denied.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claim of plaintiff, Annette R. Nesbitt, for reimbursement for community funds spent by defendant, B. Woodrow Nesbitt, Jr., prior to termination of the community is hereby denied.
 

 . IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Rule for Contempt filed by plaintiff, Annette R. Nesbitt, regarding the marble coffee table is hereby denied.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff, Annette R. Nesbitt, and defendant, B. Woodrow Nesbitt, Jr., are |T1each recognized as owing one-half of the community debt of $117,500.00, which debt was paid through foreclosure of the former matrimonial domicile and thus no reimbursement is due.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the bills of the following Special Masters have been submitted to the Court and are recognized to be:
 

 Susan Whitelaw, $15,466.39; defendant, B. Woodrow Nesbitt, Jr., is to be assessed one hundred percent of the bill.
 

 Zoe Meeks, $10,843.75; plaintiff, Annette R. Nesbitt, is to be assessed one hundred percent of the bill.
 

 Gwen Harju, $5,960.15; defendant, B. Woodrow Nesbitt, Jr., is to be assessed one hundred percent of the bill.
 

 Joseph Fertitta, $4,059.00; one-half of the bill is to be assessed to Annette R. Nesbitt, and one-half is to be assessed to B. Woodrow Nesbitt, Jr.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the furs and jewelry are hereby allocated to plaintiff, Annette R. Nesbitt, as her separate property and the claim of defendant, B.
 
 *1236
 
 Woodrow Nesbitt, Jr., for reimbursement is hereby denied.
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Smith and Wesson .38 revolver is hereby allocated to defendant, B. Woodrow Nes-bitt, Jr., as his separate property and the claim by plaintiff, Annette R. Nesbitt, for reimbursement is hereby denied.
 

 | ,,IT IS FURTHER ORDERED, ADJUDGED AND DECREED the Court recognizes each party has in their possession property ordered retained herein and an equal share of their interest in the former community property.
 

 AFFIRMED IN PART, AMENDED IN PART, AND RENDERED.
 

 [1]
 

 . There were a few discrepancies, only a matter of cents, between the judgment and the opinion with respect to the figures used. Accordingly, we have corrected the calculation.