WILLIAMS, J.
The plaintiff, Gloria Annette Simmons (now “Annette Turner”), appeals a judgment partitioning the community property of her former marriage to the defendant, Gaylon Simmons. The trial court awarded each party the net value of $823,879.34. For the following reasons, we amend and affirm as amended.
FACTS
In November 1958, Annette Turner and Gaylon Simmons were married. In February 2000, Turner filed a petition for divorce seeking use and occupancy of the former matrimonial domicile located in Jackson Parish, Louisiana. In March 2000, the district court entered a consent judgment allowing Turner the continued use of the matrimonial home, pending further orders of the court. Turner and Simmons were divorced by judgment rendered in September 2000.
After the divorce, the parties entered into several agreements regarding the partial partition of their community estate. In a February 2001 consent judgment, the parties divided $1,000,000 from a money fund and agreed that each party would pay one-half of their joint litigation expenses in connection with the Riddle v. Simmons case, which was pending at the time in the Second Judicial District Court. In the January 2004 judgment, the trial court ordered Turner to pay $160,333.48 as her *12 share of attorney fees incurred in the Riddle litigation. This court affirmed the judgment on appeal. Simmons v. Simmons, 38,871 (La.App.2d Cir.9/22/04), 882 So.2d 714. Later, in an agreement of partial partition filed with the trial court in March 2002, the parties divided the amount of five million dollars ($5,000,000) in cash and securities from an investment account.
In September 2006, the trial court appointed W. Deryl Medlin, an attorney, as expert and special master to assist the court in the partition of community property, including the classification and allocation of the parties’ assets and liabilities. In February 2010, the parties filed their detailed descriptive lists of community property and debts. Attorney Medlin considered their lists and other financial information that they submitted concerning the community property in preparing his initial report, which was filed in March 2011. After receiving additional information, Medlin filed a supplemental and superseding report on May 13, 2011, the date of the partition hearing. At the hearing, Medlin was cross examined by counsel for both parties about the recommendations in his report.
Subsequently, the trial court rendered judgment adopting the special master’s “Final Detailed Descriptive List” as the definitive statement of all community assets and liabilities and allowable reimbursement claims. The court awarded Turner 5/12ths of the community’s one-fourth ownership interest in a tract of land referred to as the Timoz property, the movable property in her possession and an equalizing payment of $11,496.33. The court awarded Simmons $103,400 in rental payments for Turner’s occupancy of the marital home, reimbursement of $154,484.75 in legal fees for the Riddle v. Simmons litigation and the remainder of the community property. The court also ordered him to pay the community debt of $1,592,847.71. Turner appeals the judgment.
DISCUSSION
In two assignments of error, Turner contends the trial court erred in granting Simmons a “credit” for his payment of certain legal fees. First, Turner argues that she is entitled to reimbursement of one-half of the attorney fees that Simmons paid to the law firm of Hargrove, Pesnell & Wyatt (“Hargrove”), which represented Louisiana Energy and Development Corp. (“LEDC”), a co-defendant in the Riddle v. Simmons litigation, because such fees were not an obligation of the community.
The trial court has broad discretion in partitioning community property in a divorce proceeding. Howard v. Howard, 43,178 (La.App.2d Cir.4/30/08), 981 So.2d 802. A trial court’s factual findings and credibility determinations made in the course of valuing and allocating assets and liabilities in the partition of community property may not be set aside absent manifest error. Nesbitt v. Nesbitt, 44,413 (La.App.2d Cir.6/24/09), 15 So.3d 1229.
In the present case, pursuant to a February 2001 consent judgment, each party agreed to pay one-half of the Riddle v. Simmons litigation expenses. Turner did not pay her share of the attorney fees owed in that case and Simmons filed a rule for contempt based on her failure to comply with the 2001 judgment. At the contempt hearing in December 2003, Simmons testified that at the time of the sale of the community’s interest in LEDC, the community had agreed to defend LEDC, which was represented by Hargrove. In the January 2004 judgment, the trial court ordered Turner to pay $160,333.48 as her share of litigation expenses. This amount included one-half of the $72,976.41 owed *13 to Hargrove in attorney fees. This court affirmed the judgment in Simmons, supra. Thus, the evidence submitted demonstrates Turner’s liability to pay one-half of the attorney fees owed to Hargrove and she is not entitled to reimbursement for any such sums paid. The assignment of error lacks merit.
Turner further argues that the reimbursement of $154,484.75 to Simmons for payment of attorney fees should be reduced because he failed to give Turner full credit for her share of the amounts paid. In her appellate brief, Turner complains that Simmons applied only a 50% credit toward her payment of legal fees owed to the law firm of Gordon, Arata and that he improperly subtracted the amount of tax owed upon withdrawal of other funds from an IRA.
An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses is a community obligation. LSA-C.C. art. 2860. Except for separate obligations delineated in Article 2863, all obligations incurred by a spouse during the existence of the community property regime are presumed to be community obligations. LSA-C.C. art. 2361; Skannal v. Bamburg, 44,820 (La.App.2d Cir.1/27/10), 33 So.3d 227.
In the present case, the April 2005 judgment required that community funds of $50,000 be applied to the unpaid attorney fees incurred in the Riddle litigation. Turner acknowledges that Simmons withdrew that amount and credited her with payment of $25,000 as her 50% share of the attorney fees owed by the community. Based upon this record, Turner has not shown any error in crediting her with 50% of that $50,000 payment.
In addition, the trial court’s 2005 judgment authorized Simmons to withdraw and expend funds from the IRA at A.G. Edwards for payment of litigation costs. Because the funds were withdrawn to pay a community debt, each party owed one-half of the taxes due upon withdrawal of the funds. Turner was not charged the entire tax liability, because the tax owed was deducted from the gross amount withdrawn before disbursement of the funds, so that each party paid one-half of the tax. Thus, Turner’s argument lacks merit. However, we note an error in the computation of the reimbursement amount. The January 2004 judgment ordered Turner to pay $160,333.48, not $163,333.48 as stated in Exhibit 10. Using the correct amount, adding interest and subtracting Turner’s payments, results in a balance of $105,457, plus interest of $44,292 (6% annual interest for seven years). Accordingly, the reimbursement to Simmons shall be reduced to the amount of $149,749.

Claim for Rental Value

Turner contends the trial court erred in awarding Simmons reimbursement for rental value during her occupancy of the former marital home. Turner argues that she is not liable for rental payments because rent was not ordered by the court at the time occupancy was awarded and was not agreed upon by the parties.
If the court awards use and occupancy of the family residence to a spouse, then the court “shall at that time determine whether or not to award rental for the use and occupancy and, if so, the amount of the rent. The parties may agree to defer the rental issue for decision in the partition proceedings.” LSA-R.S. 9:374(C). Under Section 374(C), the assessment of rent requires an agreement between spouses or a court order for rent contemporaneous with the award of occupancy. McCarroll v. McCarroll, 96-2700 (La.10/21/97), 701 So.2d 1280. Although *14 the trial court may order rental payments on the family home, such an order must be made at the time of the award of use and occupancy. The trial court does not have, at the time of partition, blanket discretion to order retroactive rental payments. Chance v. Chance, 29,591 (La.App.2d Cir.5/7/97), 694 So.2d 613; McConathy v. McConathy, 25,542 (La.App.2d Cir.2/23/94), 632 So.2d 1200.
In the present case, Simmons filed a rule in January 2001, seeking occupancy of the family home or, in the alternative, the rental value. In the September 2006 judgment, the trial court awarded Turner exclusive use and occupancy of the former marital home and the surrounding three acres, but did not order her to pay rent. Despite having raised the issue of rental, Simmons did not appeal this judgment. In August 2007, the previous award of use and occupancy to Turner was vacated and again the judgment was silent as to rent. At the partition hearing, the trial court ordered the reimbursement of $103,400 for rental value to Simmons.
The language of Section 374(C) expressly provides that if the court awards use and occupancy, then at the same time the court shall determine whether or not to award rental for such occupancy, unless the parties at the time agreed to defer the rental issue to the partition proceedings. In addition, our supreme court has stated that public policy weighs heavily against the retroactive award of rent under Section 374, particularly when, as here, the community is not partitioned for many years. McCarroll, supra.
The record demonstrates that the trial court did not order Turner to pay rent at the time she was awarded use and occupancy of the marital home. Nor is there evidence that the parties agreed to defer the rental issue for a decision at the partition hearing. Considering the statutory language and the jurisprudence, we conclude that under the circumstances of this case, the trial court erred in ordering retroactive rental payments at the time of the partition and that part of the judgment shall be reversed. As a result, the total reimbursement claims of Simmons will be reduced by $103,400, in addition to the reduced reimbursement noted above. Accordingly, the amended net community estate per spouse will be $877,947.21, requiring an equalizing payment to Turner of $65,564.20.

Allocation of Property Interest

Turner contends the trial court erred in awarding her 5/12ths of the community’s undivided one-fourth interest in the Timoz property. Turner argues that a more reasonable option would be to award her the full ownership of the 11 acres of land in Jackson Parish, along with 50% of the stock of Walnut Creek Farms, Inc., and award Simmons the community’s 25% property interest.
In a proceeding to partition community property, the court shall allocate to the respective spouses all of the community assets and liabilities so that each party receives property of an equal net value. In making this allocation, the court may divide a particular asset equally or unequally or may allocate it in its entirety to one spouse. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse and any other circumstances the court deems relevant. LSA-R.S. 9:2801.
In this case, both parties acknowledge the difficult task faced by the court’s expert in dividing the remaining community estate, which primarily consisted of land and significant debt. Although Turner suggests in her brief an alternative allocation of the community assets, there has been no showing that the trial court’s partition of the community estate was not *15 equitable. The record shows that in addition to the 5/12ths interest in the community’s one-fourth interest in the Timoz property, Turner received three million dollars ($8,000,000) in cash and securities through previous distributions of community property. Additionally, the court allocated to Turner all of the producing mineral interests without any further obligation to pay the remaining community debt.
Based upon our review of the entire record, we conclude the trial court did not abuse its discretion in dividing the community’s one-fourth interest in the Timoz property between the parties. Thus, the assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment of partition is amended to increase the equalizing payment to Annette Turner to the amount of $65,564.20, to be paid from the funds held in the registry of the district court. The judgment is otherwise affirmed. Costs of this appeal are assessed one-half to the appellant, Annette Turner, and one-half to the appellee, Gaylon Simmons.
AMENDED AND AFFIRMED AS AMENDED.