WILLIAMS, J.
 

 I,The defendant, Pilgrim’s Pride Corporation, appeals a judgment in favor of the claimant, Antoinette Smith. The workers’ compensation judge (WCJ) awarded compensation benefits, medical expenses, penalties and attorney fees, finding that claimant’s shoulder injury was work-related. For the following reasons, we affirm and render.
 

 FACTS
 

 In 2001, the claimant began working at a chicken processing plant in Farmerville, Louisiana, owned by Pilgrim’s Pride Corporation (“Pilgrim”). Her duties involved the repetitive cutting and pulling of parts from chickens while standing beside a conveyer belt. In 2005, claimant began feeling numbness in her hands and pain in her left shoulder. In November 2005, claimant was removed from work because of her complaints. The following month she visited Dr. Mark Shaw, who treated claimant with physical therapy and wrist splints. Despite the treatment, claimant continued to feel pain in her wrists and Dr. Shaw diagnosed claimant with bilateral carpal tunnel syndrome. The claimant chose Dr. Douglas Brown, an orthopedic surgeon, as her physician. In March 2006, Dr. Brown performed a carpal tunnel release of the claimant’s left wrist. Pilgrim paid indemnity and medical benefits related to the carpal tunnel injury.
 

 In May 2006, Dr. Brown recommended an MRI and physical therapy based upon the claimant’s complaint of left shoulder pain. Pilgrim then requested that claimant be examined by Dr. Douglas Liles for a second opinion. The claimant saw Dr. Liles in July 2006 and again in August 2006, after having an MRI of her left shoulder. Dr. Liles found impingement of | claimant’s left shoulder, but did not recommend surgery for her shoulder. Pilgrim refused to pay for treatment of claimant’s left shoulder. In August 2006, Dr. Brown performed a carpal tunnel release of claimant’s right wrist.
 

 In December 2006, claimant filed a disputed claim for compensation seeking reimbursement for mileage, payment of medical bills, penalties and attorney fees. In January 2007, the claimant was examined by Dr. Brown, who recommended surgery for claimant’s left shoulder. However, Pilgrim disputed the connection between claimant’s shoulder injury and her job duties. In May 2007, the claimant filed an amended claim for compensation seeking payment for surgery of her left shoulder. On February 12, 2008, at Pilgrim’s request, the claimant was examined by Dr. Brown, who diagnosed claimant with chronic left shoulder impingement and again recommended surgery. On February 21, 2008, Pilgrim filed a motion for a continuance of the trial scheduled for March 5, 2008, seeking a state-appointed independent medical examination (IME). Pilgrim alleged that an IME was needed because of questions concerning whether claimant’s shoulder pain was related to her employment and whether surgery was medically necessary.
 

 
 *987
 
 Prior to trial, the WCJ denied Pilgrim’s motion, finding that the medical opinions of Drs. Brown and Liles were not in conflict. After the claimant’s direct testimony, the court recessed for lunch. Following the recess, the WCJ informed the parties that the hearing would reconvene at the Pilgrim plant to allow the court to observe the places where claimant had worked. Neither of the parties had requested the plant visit, but there was no objection at the time. During the site visit, the WCJ and Pilgrim’s |sattorney questioned the claimant. None of the questions or answers were recorded.
 

 When the trial was reconvened, Pilgrim moved to recuse the WCJ on the grounds that in visiting the plant, the WCJ had acted to gather and present evidence, thereby becoming an advocate for claimant and a witness in the matter. After the WCJ denied the motion to recuse, the defendant cross-examined the claimant and the parties rested. The WCJ found that the claimant’s left shoulder injury was work-related and that she was entitled to have the recommended surgery. In addition, the WCJ awarded claimant $2,000 in penalties and $7,000 in attorney fees, finding that Pilgrim’s denial of medical treatment was arbitrary and unreasonable.
 

 Several days after trial, due to apparent confusion regarding whether Pilgrim had waived its right to proceed with the motion to recuse, the WCJ referred the matter for a recusal hearing before Workers’ Compensation Chief Judge Kellar. After hearing argument, Chief Judge Kellar denied Pilgrim’s recusal motion, finding that the WCJ had not become a witness by inspecting the plant and that the WCJ’s decision on the merits was not nullified because of the failure to submit the recusal motion to the chief judge before continuing with the trial. Subsequently, the WCJ rendered judgment in favor of the claimant. Pilgrim appeals the judgment.
 

 DISCUSSION
 

 Pilgrim contends the WCJ erred in failing to grant a continuance and order an IME. Pilgrim argues that an IME is necessary given the conflicting medical opinions of Dr. Brown and Dr. Liles regarding the claimant’s need 14for shoulder surgery.
 

 If any dispute arises as to the condition of the employee and upon application by any party, the director shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. LSA-R.S. 23:1123. Any party wishing to request an independent medical examination of the claimant pursuant to Section 1123 shall be required to make the request at or prior to the pretrial conference. Requests for such examinations made after that time shall be denied except for good cause shown. LSA-R.S. 23:1317.1.
 

 In the present case, Dr. Brown noted the claimant’s complaint of left shoulder pain in May 2006. At that time, Dr. Brown recommended an MRI and physical therapy for claimant’s left shoulder. Pilgrim then sent claimant to Dr. Liles for a second opinion regarding her shoulder. In August 2006, Dr. Liles found an impingement of claimant’s left shoulder and recommended exercise, consistent with Dr. Brown’s opinion. However, in January 2007, Dr. Brown noted that conservative treatment of claimant’s left shoulder had not been effective and recommended arthroscopic surgery. Pilgrim did not send claimant back to Dr. Liles to ask if he agreed with Dr. Brown’s recommendation, but denied treatment based on the assertion that claimant’s shoulder injury was not related to her job duties.
 

 At the pretrial conference in September 2007, the mediation report noted that the
 
 *988
 
 remaining issue between the parties was whether claimant’s left shoulder injury was work-related. Pilgrim did not request an IME at that time, but obtained a continuance of the trial based on the need for | .^additional medical depositions. However, despite Pilgrim’s stated concern as to whether claimant’s left shoulder injury was caused by her work duties, Pilgrim did not take the deposition of either Dr. Liles or Dr. Brown to address the issue of causation. Instead, approximately two weeks before trial, Pilgrim sought a second continuance to schedule an IME, asserting the need for more medical evidence, the same reason alleged by Pilgrim in seeking the original continuance.
 

 After hearing argument, the WCJ found that Pilgrim failed to show evidence of a dispute concerning claimant’s condition, since both Dr. Liles and Dr. Brown had diagnosed claimant with left shoulder impingement and Pilgrim did not ask whether Dr. Liles agreed with Dr. Brown’s subsequent recommendation for surgery. The record supports a finding that Pilgrim failed to show good cause for its failure to request an IME at the time of the pretrial conference. Consequently, we cannot say the WCJ erred in denying Pilgrim’s motion to schedule an IME. The assignment of error lacks merit.
 

 Work-Related Injury
 

 Pilgrim contends the WCJ erred in finding that claimant’s left shoulder injury was related to her job duties. Pilgrim ai’gues that claimant failed to meet her burden of proof, since her left shoulder complaint was not documented until six months after she was removed from work and neither Dr. Brown nor Dr. Liles stated that claimant’s shoulder pain was caused by her job duties.
 

 An employee in a workers’ compensation action has the burden of establishing a causal link between the accident and the subsequent disabling | (.condition.
 
 Peveto v. WHC Contractors,
 
 93-1402 (La.1/14/94), 630 So.2d 689. Factual findings in a workers’ compensation case are subject to the manifest error standard of appellate review. In applying this standard of review, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact-finder’s conclusion was reasonable in light of the entire record.
 
 Stobart v. State, Through DOTD,
 
 617 So.2d 880 (La.1993);
 
 Player v. International Paper Company,
 
 39,254 (La.App. 2d Cir.1/28/05), 892 So.2d 781.
 

 An employer is obligated to furnish all necessary medical expenses related to a work injury and the claimant may recover those expenses reasonably necessary for the treatment of a medical condition caused by a work-related injury. LSA-R.S. 23:1203;
 
 Spence v. Industrial N.D.T.,
 
 31,744 (La.App. 2d Cir.3/31/99), 731 So.2d 473. A WCJ’s determination regarding medical necessity is entitled to great weight and will not be disturbed on appeal in the absence of manifest error.
 
 Spence, supra.
 

 In the present case, the claimant testified that she worked for over one year on the “cone line,” in which chickens traveled on a conveyer belt in a cone-shaped tube at chest level. Claimant described her duties as standing on a platform and repetitively cutting the chicken wing with her right hand while reaching and pulling with her left arm to remove the wing. Claimant testified that she then worked on the “food craft” line, which required her at times to cut with her left hand using a back and forth motion and pulling the bird across her body. Claimant stated that Pilgrim later changed back to the cone line, except that she was then required to
 
 *989
 
 cut the bird’s shoulder and |7wing, repeatedly pulling downward with her left arm and shoulder. The claimant testified that she mentioned her left shoulder pain in February 2006, when she first visited Dr. Brown, but he focused on relieving the nerves in her wrists and hands. Claimant acknowledged that Dr. Brown’s records first noted her complaints of left shoulder pain in May 2006.
 

 Pilgrim argues in its brief that claimant failed to show that her left shoulder injury was work-related because neither Dr. Liles nor Dr. Brown indicated that her shoulder condition was caused by her job duties. However, as noted by the WCJ, although neither doctor expressly used the term “causation,” both physicians discussed claimant’s shoulder injury with reference to her job duties. In May 2006, Pilgrim’s claim representative asked Dr. Brown how the claimant’s left shoulder complaints were related to her job. In response, Dr. Brown -wrote that retrograde pain from the claimant’s work-related carpal tunnel injury radiated into claimant’s left shoulder and treatment was needed for the entire nerve pathway. In an August 2006 report, Dr. Liles noted that claimant performed “a highly repetitive job. She now has bilateral carpal tunnel and has impingement of her shoulder. She should have a job change or she will be asking for recurrent problems.”
 

 In addition, the claimant testified that the repetitive motions of her left arm and shoulder required by her job caused pain in her left shoulder. Claimant also demonstrated for the court the pulling and cutting motions she had performed. The WCJ found that the claimant’s testimony was credible and that the physician comments in the medical records indicated |Rthat the injury to claimant’s left shoulder was work-related. Based upon the evidence presented, we cannot say the WCJ’s interpretation of the medical records and factual findings were clearly wrong. Thus, the record supports the WCJ’s conclusion that claimant was entitled to workers’ compensation benefits and medical treatment for her left shoulder injury. The assignment of error lacks merit.
 

 Penalties and Attorney Fees
 

 Pilgrim contends the WCJ erred in awarding penalties and attorney fees for its refusal to authorize shoulder surgery. Pilgrim argues that it reasonably controverted the claimant’s need for shoulder surgery based upon the six-month delay in documenting a shoulder complaint and the lack of a medical opinion linking her left shoulder injury to her job duties.
 

 The employer’s failure to provide payment of compensation or medical benefits owed shall result in the assessment of a penalty and reasonable attorney fees, unless the employer has reasonably controverted the claim. LSA-R.S. 23:1201(F). To reasonably controvert a claim, the employer must have sufficient factual or medical information to reasonably counter the evidence provided by claimant.
 
 Player v. International Paper Company, supra.
 

 Employers must demonstrate that they made reasonable efforts to medically ascertain the worker’s exact condition before denying benefits. An employer has an ongoing duty to review medical reports concerning an injured employee’s disability.
 
 Tillmon v. Thrasher Waterproofing,
 
 00-0395 (La.App. 4th Cir.3/28/01), 786 So.2d 131.
 

 | (¡Statutory provisions permitting the assessment of penalties and attorney fees for nonpayment of workers’ compensation benefits are penal in nature and must be strictly construed. The WCJ has great discretion in awarding or denying penalties and attorney fees. The WCJ’s decision concerning whether to assess stat
 
 *990
 
 utory penalties and attorney fees will not be disturbed absent an abuse of discretion.
 
 Player v. International Paper Company, supra.
 

 In this case, even if we assume that the initial delay in documenting claimant’s left shoulder complaint gave Pilgrim a reason to question liability at the time, Pilgrim’s continued refusal to provide treatment was not reasonable given the additional information available regarding claimant’s shoulder injury. As previously noted, Dr. Brown informed Pilgrim of his opinion that claimant’s left shoulder pain was related to her carpal tunnel work injury. Additionally, in his August 2006 progress note, Dr. Liles specifically referred to the claimant’s repetitive job duties in connection with her left shoulder impingement symptoms. In light of this medical information, Pilgrim was required to make an effort to ascertain the claimant’s medical condition if it still questioned whether her shoulder pain was work related. However, Pilgrim failed to take the deposition of either Dr. Liles or Dr. Brown despite having ample time to do so after obtaining a continuance of the original trial date for that purpose. Further, Pilgrim did not offer a reason at trial showing it was prevented from gathering such medical evidence, which Pilgrim had alleged was necessary. Thus, the WCJ could reasonably have found that Pilgrim did not possess factual or medical | ^information sufficient to counter the claimant’s evidence that surgery was required to treat the work-related injury to her left shoulder. Based upon this record, the WCJ’s award of penalties and attorney fees was not an abuse of discretion. The assignment of error lacks merit.
 

 Recusal
 

 Pilgrim contends the Office of Workers’ Compensation erred in denying the motion to recuse the WCJ presiding in this case. Pilgrim argues that the WCJ became an advocate for claimant and a witness in the matter by questioning claimant about various jobs during a visit to the work site.
 

 Hearing Officer Rule 5529 provides that a party in a workers’ compensation claim may file a written motion for recusal of the judge to whom the matter is assigned specifying the grounds for recusal. Upon receipt of the motion, the judge shall withdraw without further proceedings and immediately refer the matter to the chief judge for a hearing.
 

 Pursuant to LSA-C.C.P. art. 151(A), a judge of any court shall be re-cused when he is a witness in the cause. A judge may be recused when he is biased, prejudiced or interested in the cause or its outcome or biased towards or against the parties or their attorneys to such an extent that he would be unable to conduct fair and impartial proceedings. LSA-C.C.P. art. 151(B). A judge may only be removed upon a finding of actual bias or prejudice.
 
 Brown v. Brown,
 
 39,060 (La.App. 2d Cir.7/21/04), 877 So.2d 1228. The trial court has discretion in deciding whether an inspection of a site is warranted in a particular case.
 
 Williams v. Louisiana Power & Light Company,
 
 590 So.2d 786 (La. App. 5th Cir.1991).
 

 |uIn the present case, Pilgrim’s motion to recuse alleges that in questioning the claimant about other jobs performed at the facility, the WCJ acted to gather evidence and became a witness in the matter. In addition, Pilgrim contends that the WCJ showed bias against Pilgrim by visiting the facility before Pilgrim presented its case. At the hearing on the motion, Pilgrim did not point to any comments by the WCJ that could be construed as biased or demonstrate how the WCJ’s questioning of claimant at the work site would make the WCJ a witness in the matter. We note that Pilgrim’s attorney also questioned
 
 *991
 
 claimant during the site visit and did not object to the inspection at the time.
 

 Based upon this record, we cannot say that Chief Judge Kellar was clearly wrong in finding that the inspection of the facility did not make the WCJ a witness in the cause and that Pilgrim failed to satisfy its burden of proving actual bias on the part of the WCJ that prevented a fair trial. Thus, the chief judge did not err in denying Pilgrim’s motion to recuse the WCJ. The assignment of error lacks merit.
 

 Attorney Fees on Appeal
 

 The claimant requests in her brief an award of attorney fees for work performed on appeal. Although claimant did not file an answer to the appeal, this court has authority to make such an award pursuant to LSA-C.C.P. art. 2164.
 
 See Gandy v. United Services Auto Association,
 
 97-1095 (La.App. 5th Cir.10/14/98), 721 So.2d 34. Factors considered in determining the amount of attorney fees include the skill exercised by the attorney and the time and work required on appeal.
 
 Lewis v. Chateau D'Arbonne Nurse Care Center,
 
 38,394 (La.App. 2d Cir.4/7/04), 870 So.2d 515. Here, the claimant’s attorney prepared and filed an appellate brief and presented oral argument before this court. Accordingly, we conclude that claimant is entitled to an award of $1,000 in attorney fees for additional work on appeal.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed. Judgment is hereby rendered awarding the claimant $1,000 in attorney fees for this appeal. Costs of this appeal are assessed to the appellant, Pilgrim’s Pride Corporation.
 

 AFFIRMED; JUDGMENT AWARDING ATTORNEY FEES ON APPEAL RENDERED.
 

 APPLICATION FOR REHEARING
 

 Before BROWN, WILLIAMS, CARAWAY, DREW and LOLLEY, JJ.
 

 | ¶ Rehearing denied.
 

 CARAWAY and LOLLEY, JJ., would grant rehearing.