CHARLES R. JONES, Judge.
 

 | Appellant, the St. Bernard Parish Sheriffs Office (“SBPSO”), appeals the judgment of the Office of Workers’ Compensation awarding Mr. Poissenot: Supplemental Earnings Benefits (“SEB”) with interest from the date of his termination; periodic appointments with his treating physician; $6,000 worth of penalties against the SBPSO, and attorney’s fees. We affirm finding that the Office of Workers’ Compensation did not commit manifest error.
 

 Emile Poissenot was employed by the SBPSO as a Deputy Sheriff working in a juvenile detention center when he suffered a serious injury to his right hand — his dominant hand — while attempting to subdue a juvenile detainee during the course and scope of his employment. As a result of his injury, Mr. Poissenot underwent three surgeries to his hand. His treating physician, Dr. Eric George, ultimately diagnosed him as having a permanent partial disability of 19% of the right hand and 17% of the right upper extremity. A functional capacity exam (FCE) performed on Mr. Poissenot stated that he could perform “medium level work activity.”
 

 Post-accident he returned to work as a deputy in the same juvenile facility, but worked
 
 light duty with significant accommodations.
 
 Mr. Poissenot’s employment with the SBPSO ended when he was “furloughed” following | ^Hurricane Katrina. Since being furloughed, Mr. Poissenot has not been able to find employment. His medical benefits were interrupted by the Sheriffs Office, which neither provided him with vocational rehabilitation nor indemnity benefits since his termination.
 

 Mr. Poissenot filed a Disputed Claim for Compensation in April of 2006, with the OWC, which awarded SEB, penalties and attorney’s fees to him. The SBPO timely filed an appeal.
 

 The SBPSO raises four (4) assignments of error on appeal:
 

 1.) The OWC committed error in holding that it was undisputed that a FCE indicated that Mr. Poissenot could do medium work “so long as he did not have to use his right hand” because the FCE did not restrict plaintiffs ability to perform medium work activity “so long as he does not use his right hand.”
 

 2.) The OWC committed manifest error in holding that Mr. Poissenot was entitled to SEB in light of the fact that all objective evidence introduced at trial, including the testimony of his treating physician, the FCE and Mr. Poissenot’s own work history after his accident, proved that he could perform medium level work which was the same type of work that he was performing prior to his accident.
 

 3.) The OWC committed error by improperly shifting the burden to SBPSO to prove that there were jobs in Mr. Poissenot’s geographic area which he was capable of performing which would pay him ninety (90%) percent of his pre-accident wages when he failed to carry his initial burden to prove that his injury resulted in his inability to earn that amount.
 

 | ⅞4.) The OWC committed manifest error in awarding Mr. Poissenot penalties and attorney’s fees as a result of his finding that SBPSO acted arbitrarily and capriciously when all objective evidence introduced at trial supported the
 
 *832
 
 defendant’s position that plaintiff was not entitled to Supplemental Earnings Benefits.
 

 “In worker’s compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC’s findings of fact is the ‘manifest error-clearly wrong’ standard.”
 
 MacFarlane v. Schneider Nat. Bulk Carriers, Inc.,
 
 2007-1386, p. 3 (La.App. 4 Cir. 4/30/08), 984 So.2d 185, 188. We will apply the manifest error standard of review to our discussion of the four (4) assignments of error raised by the SBPSO, and Mr. Pois-senot’s assertion that he is entitled to attorneys fees for his counsel’s work on the appeal
 
 sub judice.
 

 The first assignment of error raised by the SBPSO is that the OWC committed error in holding that it was undisputed that a FCE indicated that Mr. Poissenot could do medium work “so long as he did not have to use his right hand,” because the FCE did not restrict plaintiffs ability to perform medium work activity “so long as he does not use his right hand.”
 

 The SBSO is correct. The FCE did not specify that Mr. Poissenot could do medium work “so long as he did not use his right hand.” Nevertheless, within the FCE report there is a section entitled “SIGNIFICANT DEFICITS” which states that Mr. Poissenot had a decreased grip of the right upper extremity and a decreased range of motion of the right 4th and 5th metacarpophalangeal joint (MCP), proximal interphalangeal joint (PIP), and distal interphalangeal joint (DIP). In essence, Mr. Poissenot has two fingers on his right hand that are not fully functional. The FCE further notes that he has pain with pressure and palpation of |4the right hand. Presumably, the FCE was discussing the right hand because neither of the previous deficit statements referred to the left hand.
 

 We find that the OWC’s statement that Mr. Poissenot could perform medium work “as long as he did not have to use his right hand” is a reasonable interpretation of the data contained within the FCE report. This error is harmless when the FCE results are read as a whole. A reviewing court is prohibited from reversing a hannless error.
 
 Hasney v. Allstate Insurance Co.,
 
 2000-0164, p. 13 (La.App. 4 Cir. 2/7/01), 781 So.2d 598, 606. Thus, we find that this assignment of error is without merit.
 

 The second assignment of error raised by the SBPSO is that the OWC committed manifest error in holding that Mr. Poisse-not was entitled to SEB in light of the fact that all objective evidence introduced at trial, including the testimony of his treating physician, the FCE and Mr. Poisse-not’s own work history after this accident, proved that he could perform medium level work which was the same type of work that he was performing prior to his accident.
 

 The purpose of SEB is to compensate the injured employee for the wage earning capacity he or she has lost as a result of an accident.
 
 Bethley v. City of New Orleans,
 
 06-0921, p. 3 (La.App. 4 Cir. 10/18/06), 945 So.2d 738, 741
 
 (citing Pinkins v. Cardinal Wholesale Supply, Inc.,
 
 619 So.2d 52, 55 (La.1993)). To qualify for SEB, a claimant is required to prove by a preponderance of evidence that a work-related injury resulted in the inability to earn 90% or more of his average pre-injury wage. •
 
 Id. (citing
 
 La. R.S. 23:1221(3)(a)).
 

 Employees bear the initial burden of proving, by a preponderance of the evidence, that their injury resulted in their inability to earn ninety percent or more of their pre-accident wages.
 
 Banks v. Industrial Roofing & Sheet Metal Works, Inc.,
 
 
 *833
 
 96-2840 (La.7/1/97), 696 So.2d 551, 556. Only after an employee has met her burden of proof does the burden shift to the employer, who, in order to defeat the claim for supplemental earnings benefits or establish the employee’s earning capacity, must prove by a preponderance of the evidence that the employee is physically able to perform a certain job and that the job was offered to the employee or available to the employee in her or the employer’s community or reasonable geographic region.
 
 Id.
 

 La. R.S. 23:1221(3)(a) provides that:
 

 For injury resulting in the employee’s inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment,
 
 whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis.
 
 Average monthly wages shall be computed by multiplying his “wages” by fifty-two and then dividing the quotient by twelve. [Emphasis added.]
 

 The record before us does not indicate that Mr. Poissenot could perform the same type of medium level work that he performed before his accident in any occupation. Mr. Poissenot is right hand dominant and is not ambidextrous. The FCE results documented that his ability to use his right hand was diminished since his accident. The FCE report further indicated that Mr. Poissenot could not be tested on how he would react in a “fight/flight situation,” nor could he be tested on | fihis ability to apprehend or subdue a subject, actions which are integral to the activities of the deputy position he held at the time.
 

 Before this incident, Mr. Poissenot testified that he would feed the prisoners, issue medications to them, escort them out to their showers, take them to court and to doctors appointments, and he could subdue them when necessary. Mr. Poissenot’s former supervisor at the SBPSO, Corp. Joseph Giroux, testified that he worked with Mr. Poissenot both before and after his accident. He testified that Mr. Poisse-not was assigned to light duty after his accident, and that his responsibilities on light duty were to watch surveillance cameras, answer the phone and do a little paperwork. Both Corp. Giroux and Mr. Poissenot testified that after the accident, Mr. Poissenot could not: carry a gun; qualify with a weapon; go into cells; or provide backup to other deputies whenever the juveniles at the detention center got into altercations. Indeed, Corp. Giroux testified that post-accident Mr. Poissenot attempted to come to his aid when the Corp. was being attacked by a juvenile. Corp. Giroux testified that the juvenile purposefully grabbed Mr. Poissenot’s right hand rendering him helpless to subdue the juvenile.
 

 Mr. Poissenot’s treating physician was orthopedic hand surgeon Dr. Eric George. Dr. George performed two surgeries on Mr. Poissenot’s right hand.
 
 [1]
 
 Dr. George testified that Mr. Poissenot still com
 
 *834
 
 plained of pain in his right hand, and suffered with arthritic stiffness in both his right small finger and ring finger after his surgeries. He further testified that Mr. Poissenot will have difficulties with manual dexterity because his fingers cannot come all the way down, and he will have a diminution in grip strength and limitation in fisted flexion.
 

 |-/Through his testimony, Mr. Poisse-not — who is approximately sixty-four (64) years old — established that he has no education beyond high school and he has extensive law enforcement experience. Except for working briefly as a baker, he testified that his work experience beyond high school has been with the Marine Corps, the New Orleans Police Department, the District Attorney’s Office for Orleans Parish and the SBPSO. Mr. Pois-senot further testified that since Hurricane Katrina he has been rejected for positions with the St. Tammany Parish Sheriffs Office, a bakery, and a tourist center because he does not have full use of his right hand. This testimony was not contradicted by the SBPSO. Mr. Poissenot has effectively demonstrated that he cannot perform the same type of work that he was performing prior to his accident. This assignment of error is without merit.
 

 The third assignment of error raised by the SBPSO is that the OWC erred by improperly shifting the burden to the SBPSO to prove that there were jobs in Mr. Poissenot’s geographic area which he was capable of performing which would pay him ninety (90%) percent of his pre-accident wages when he failed to carry his initial burden to prove that his injury resulted in his inability to earn that amount.
 

 As discussed above, Mr. Poissenot has testified that his physical condition has prevented him from being employed since being released by the SBPSO, which was only able to employ him post-accident with reassignment of duties and significant accommodations. He has been unable to earn anything since being terminated by the SBPSO because he does not have full use of his right hand. Therefore, he did carry his burden of proof that his injury resulted in his inability to earn ninety percent or more of the wages he earned at the time of his injury. This assignment of error is without merit.
 

 |sThe fourth assignment of error raised by the SBPSO is that the OWC committed manifest error in awarding Mr. Poissenot penalties and attorney’s fees as a result of finding that the SBPSO acted arbitrarily and capriciously when all objective evidence introduced at trial supported the SBPSO’s position that he was not entitled to SEB. However, having determined above that Mr. Poissenot did establish that the SBPSO’s acted arbitrarily and capriciously in denying him SEB, we pretermit discussion of this assignment of error.
 

 Lastly, we address a request for additional attorneys fees made by Mr. Poisse-not. He avers that his counsel should be adequately compensated for briefing a response to the instant appeal, and for presenting oral argument on the same. He relies on a holding from the Louisiana Second Circuit Court of Appeal wherein a claimant — who did not file an answer to the appeal — requested attorneys fees for work performed on appeal.
 
 Smith v. Pilgrim’s Pride Corp.,
 
 44,080, p. 11 (La.App. 2 Cir. 2/25/09), 4 So.3d 983, 991. The Second Circuit reasoned that it had the authority to make such an award pursuant to La. C.C.P. art. 2164.
 
 Id. (citing Gandy v. United Services Auto Association,
 
 97-1095 (La.App. 5th Cir.10/14/98), 721 So.2d 34). La. C.C.P. art. 2164 provides:
 

 The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous
 
 *835
 
 appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
 

 jflIn the instant case, as in
 
 Smith,
 
 Mr. Poissenot’s attorney prepared and filed an appellee brief, and presented oral argument before this court. Therefore, we exercise our discretion to grant his request and award $2,000.00 for the same.
 

 DECREE
 

 For the foregoing reasons, the judgment of the Office of Workers Compensation is amended and attorneys fees are increased by $2,000.00; and, as amended, the judgment is affirmed.
 

 AMENDED, AND AFFIRMED AS AMENDED.
 

 [1]
 

 . Mr. Poissenot had one prior surgery that was performed at Tulane Hospital immediately after his accident.