WALTER J. ROTHSCHILD, Judge.
12This is an appeal from a judgment rendered by the trial court in this suit for payment for materials. For the reasons stated herein, we affirm the trial court’s judgment. We also award attorney’s fees for this appeal.
South Texas Pioneer Millwork, d/b/a Pioneer Architectural Millwork, (hereinafter “Pioneer”) filed the instant suit against Favalora Constructors, Inc. (“Favalora”) for breach of contract and damages for unpaid amounts due for materials sold and supplied to it. Pioneer also claimed civil penalties for the alleged non-payment pursuant to La. R.S. 9:4814 and La. R.S. 9:2784, as well as attorney’s fees and court costs. Prior to trial, the parties stipulated to certain facts and referenced exhibits, and these stipulations were considered by the trial court in a bench trial. Following trial, the court rendered judgment in favor of Pioneer for amounts due under the contract, for penalties pursuant to La. R.S. 9:4814 and La. R.S. 9:2784, and for attorney’s fees and costs. Favalora sought a new trial, which was denied by the trial court. Favalora now files this suspensive appeal from the | judgment, on the basis that the award of penalties and attorney’s fees was unwarranted and excessive. Pioneer filed in this Court a Motion to Award Attorney’s Fees for time and costs incurred on appeal.

Facts and Procedural History

The Trial Stipulations contained in the record indicate that Favalora, a Jefferson Parish general contractor, was hired by the RC Corporation to renovate a building on Magazine Street in New Orleans for use as the dentist office of Dr. Elizabeth Riggs. Favalora contracted with Pioneer, a millworker located in Texas, to fabricate and furnish cabinets, countertops, shelving and a reception desk at a cost of $24,245.00 to be installed by Favalora in the Magazine Street property. Favalora accepted delivery of the materials on October 4, 2007, and was invoiced by Pioneer the following day. On October 9, 2007, Favalora submitted to the RC Corporation an application for payment of the amount due to Pioneer for materials and supplies, and on October 30, 2007, Favalora received payment for these amounts. However, Favalora failed to settle the account of Pioneer, and in June of 2008, Pioneer filed a lien on the Magazine Street property where the materials had been installed. On November 8, 2008, in consideration of payment by the building owners of the sum of $19,905.00, Pioneer agreed to release the lien on the property, reserving all rights against Favalora. The amount Favalora still owed to Pioneer under the contract was $4,340.00. The parties also *1095 stipulated that Pioneer was not the only subcontractor and supplier of materials to whom Favalora failed to apply funds received from the building owner to settle accounts.
In addition to these Trial Stipulations, both parties filed pre-trial memoranda. At the trial, the parties submitted the stipulations and the exhibits, and submitted argument on the matter without any testimony. In written reasons, the trial court found that Favalora, in violation of La. R.S. 9:4814, knowingly ^misapplied funds of $24,245.00 that it received from the building owner, entitling Pioneer to the full amount still due, as well as attorney’s fees, costs and statutory penalties. The trial court further found that Favalora, in violation of La. R.S. 9:2784, failed to make payment to Pioneer within fourteen days of receiving payments from the building owner, entitling Pioneer to a penalty therefor, along with attorney’s fees and costs. The trial court rendered judgment against Favalora and in favor of Pioneer as follows:
1. Payment of the amount still due of $4,340.00.
2. Payment of a penalty pursuant to La. R.S. 9:4814 of $500 per $1,000 that were knowingly misapplied, for a total of $12,000.
3. Payment of a penalty pursuant to La. R.S. 9:2784 for failure to timely pay Pioneer, which is capped at 15% for a total of $3,000.00.
4. Payment of attorney’s fees of $29,201.50.
5. Payment of costs of $1,387.58.

Discussion

By this appeal, Favalora contends the trial court failed to properly consider evidence that shows that Pioneer acted in bad faith and is therefore not entitled to penalties. Favalora also contends that Pioneer failed to mitigate its damages by settling with the building owner for less than the total amount due. In support of this argument, Favalora points out that Pioneer removed the lien it placed on the subject property for less than the total amount due, or $19,905.14. Favalora contends that some portion of the debt was reserved solely for the reason of securing statutory penalties and attorney’s fees. In support of its bad faith argument, Favalora also relies on email correspondence between Robert Crane, a principal of Pioneer, and Elizabeth Riggs, the building owner, in which the two discuss the non-payment of the amount due from Favalora. Favalora contends that |sthe two were working together in bad faith to ensure that Favalora would not have sufficient funds to pay Pioneer.
A review of evidence in the record fails to support appellant’s argument. The record shows that the parties in this case stipulated that on October 9, 2007, Favalo-ra submitted a pay request to the building owner which included the amounts due to Pioneer and was paid by cashier’s check dated October 30, 2007. The parties also stipulated that Favalora failed to apply any of the amounts received this date to settle the account and claim of Pioneer in the amount of $24,245.00. Copies of the pay request and the cashier’s check were submitted into evidence.
The record also indicates that in February of 2008, Robert Crane, the principal of Pioneer, began corresponding by email with Laurence Favalora regarding the non-payment of his account. On June 5, 2008, Crane received an email from Fava-lora indicating that “the client would not fund any payments for which he [Favalora] had already been paid,” but that Favalora was attempting to pay Pioneer from funds received from another job. No payment was made, but Crane clearly stated on numerous occasions his intentions to seek *1096 statutory penalties and attorney’s fees as a result of Favalora’s failure to pay his account.
Subsequently, Pioneer filed a Labor and Materials Lien on the subject property. The parties stipulated that on November 8, 2008, Pioneer agreed to release the lien on the property, in consideration of payment by the property owners of the sum of $19,905.00. In the release, Pioneer reserved all rights against Favalora.
The record in this case contains no factual or legal support for appellant’s argument that Pioneer failed to mitigate its damages by settling with the building owners for less than the amount owed to Pioneer. Further, the record is completely | (¡devoid of any evidence that Pioneer was in bad faith in corresponding with Elizabeth Riggs regarding the non-payment by Favalora and Pioneer’s claim of entitlement to statutory penalties as a result thereof. Rather, the record clearly supports the trial court’s factual determination that Favalora misapplied funds received from the building owner in October of 2007 by failing to pay the amounts due to Pioneer which were included in those funds. The correspondence between Crane and Riggs did not occur until May of 2008, several months after the misapplication of funds had occurred. We fail to find that the email correspondence constitutes a bad faith effort to prevent Favalora from paying the claim.
The record also clearly shows that Pioneer, after a more than reasonable period of attempting to have the account paid directly by Favalora, pursued its rights granted by law to place a lien on the subject property. Although Favalora contends that Pioneer was in bad faith in accepting less than the full amount due from the property owner, there is no support in the record for this argument. Rather, we find Pioneer was legally entitled to seek statutory penalties for the contractor’s failure to timely remit payment and for misapplication of funds. This assignment of error is without merit.
Appellant next argues that the trial court erred in awarding penalties in an amount exceeding the contested amount due. Appellant contends that penalties cannot be awarded on the amounts that were settled by the parties, in this case $19,905.00, and the maximum amount of the claim at the time the suit was filed was $4,339.86. Appellant argues that the trial court erred in imposing penalties based on the total amount claimed by Pioneer in its lawsuit. We find no merit in this argument.
La. R.S. 9:4814 provides in part:
|7A. No contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims to sellers of movables or laborers due for the construction or under the contract. Any seller of movables or laborer whose claims have not been settled may file an action for the amount due, including reasonable attorney fees and court costs, and for civil penalties as provided in this Section.
(Emphasis added).
Appellant contends the above-cited provision, specifically the emphasized section, precludes Pioneer as a seller of movables from filing suit or seeking penalties on claims that have been settled. Appellant submits that the settlement of Pioneer’s lien with the property owner in the amount of $19,905.00 limits the recovery to the amount remaining after settlement of the lien. However, Pioneer’s claims against Favalora were not settled by the contrac *1097 tor prior to the filing of suit despite much urging on the part of Pioneer. Rather, the settlement came from the property owner following the filing of a separate lien claim. We fail to find that the settlement with the property owner of Pioneer’s lien against the property reduces the amount of the statutorily-mandated penalty that Pioneer may claim against the contractor pursuant to La. R.S. 9:4814. By stipulation of the parties, the record indicates that the contractor misapplied the amount of $24,245.00 which was contractually due to Pioneer although the contractor received payment from the property owner. Based on a strict application of La. R.S. 9:4814, we find that the trial court correctly assessed penalties on this amount pursuant to the statute.[1]
1 sAppellant also advances the same argument with regard to the penalties imposed pursuant to La. R.S. 9:2784.[2] Appellant contends that the trial court erred in awarding penalties on an amount greater than “the amount due.” However, as previously stated herein, appellant’s interpretation of “the amount due” is misplaced. By stipulation of the parties, Fa-valora as contractor failed to make any payment to the account of Pioneer prior to the filing of this suit, although Favalora received payment for this work in October of 2007. Although Pioneer exercised its rights to file a lien on the subject property and settled this claim with the property owner, Pioneer is nevertheless entitled to seek legal action against Favalora for the non-payment, and penalties are mandated by statute. According to the clear terms of the statute, the penalties apply when the contractor fails to make payment within fourteen days of the receipt of payment by the owner. We do not interpret the statute to provide that the amount of the penalty specified is reduced when the supplier is able to secure payment from the property owner through the lien process. We therefore find that the trial court’s award of penalties pursuant to La. R.S. 9:2784 is appropriate.
Finally, appellant contends that the trial court erred in awarding attorney’s fees to Pioneer in the amount of $29,201.50, reiterating its assertion that the total amount due was “a mere $4,339.86.” However, we have determined *1098 that the amount of funds which were misapplied was $24,245.00 and that the eon-tractor 19made no payment toward this account. Although the amount of attorney’s fees exceeds the amount of the main demand, we find that the amount of time and effort required to collect the outstanding amount due warranted the award of attorney’s fees.
The record contains ample evidence to support the trial court’s award in this case. The applicable statutes each contain provisions allowing the award of reasonable attorney’s fees based on a contractor’s misapplication of funds or failure to timely pay a supplier of materials. Pioneer’s attorney prepared and submitted into evidence a contemporaneous record of his time and charges expended in prosecuting this matter. As indicated by this evidence, this litigation required substantial correspondence, as well as many pleadings, court appearances, trial memoranda and a hearing. The record indicates that sendee of the original petition on Favalora required the appointment of a special process server, and that Pioneer was required to compel Favalora to provide complete discovery. The trial court was also made aware of Pioneer counsel’s extensive experience, expertise and ability both in the pleadings contained the record and in oral argument before the court. Under the circumstances presented here, we find the award of attorney’s fees is reasonable and we find no abuse of the trial court’s discretion in making such an award.
Pioneer also moves for an award of attorney’s fees on appeal and submits a certified time sheet of the amount of costs expended in connection with the appeal. As Pioneer did not file an answer to the appeal as set forth in LSA-C.C.P. art. 2133, we are unable to amend the trial court’s judgment to award additional attorney’s fees. However, this Court has authority to make such an award pursuant to LSA-C.C.P. art. 2164 and may “render any judgment which is just, legal, and proper upon the record on appeal.” See, Gandy v. United Services Auto. 11 Association, 97-1095 (La.App. 5 Cir. 10/14/98), 721 So.2d 34, writ denied, 98-2836 (La.1/15/99), 736 So.2d 208. Smith v. Pilgrim’s Pnde Corp., 44,080 (La.App. 2 Cir. 2/25/09), 4 So.3d 983, unit denied, 09-0961 (La.6/19/09), 10 So.3d 739. We find that an award of $3,000 for counsel’s work on this appeal to be equitable upon the record on appeal.
For the reasons assigned herein, the judgment of the trial court in favor of South Texas Pioneer Millwork is affirmed. We also find that counsel for Pioneer is entitled to an award of $3,000 in attorney’s fees for additional work done on appeal. Further, all costs of this appeal are rendered against Favalora Constructors, Inc.

AFFIRMED; JUDGMENT RENDERED ON ATTORNEY’S FEES FOR APPEAL AND COSTS

. The amount of statutory penalties are set forth in La. R.S. 9:4814 as follows:
B. When the amount misapplied is one thousand dollars or less, the civil penalties shall be not less than two hundred fifty dollars nor more than seven hundred fifty dollars.
C. When the amount misapplied is greater than one thousand dollars, the civil penalties shall be not less than five hundred dollars nor more than one thousand dollars, for each one thousand dollars in misapplied funds.
D. A contractor, subcontractor, or agent of a contractor or subcontractor who is found by the court to have knowingly failed to apply construction contract payments as required in Subsection A shall be ordered by the court to pay to plaintiff the penalties provided in Subsection B or C, as may be applicable, and the amount due to settle the claim, including reasonable attorney fees and court costs.

. La. R.S. 9:2784 provides in pertinent part:
C. If the contractor or subcontractor without reasonable cause fails to make any payment to his subcontractors and suppliers within fourteen consecutive days of the receipt of payment from the owner for improvements to an immovable, the contractor or subcontractor shall pay to the subcontractors and suppliers, in addition to the payment, a penalty in the amount of one-half of one percent of the amount due, per day, from the expiration of the period allowed herein for payment after the receipt of payment from the owner. The total penalty shall not exceed fifteen percent of the outstanding balance due. In addition, the contractor or subcontractor shall be liable for reasonable attorney fees for the collection of the payments due the subcontractors and suppliers. However, any claim which the court finds to be without merit shall subject the claimant to all reasonable costs and attorney fees for the defense against such claim.