889 So.2d 329 (2004)
Bobby JOHNSON, et al, Plaintiff-Appellant
v.
KTBS, INC. d/b/a Channel Three and KSLA, LLC., d/b/a Channel Twelve, Defendant-Appellee.
No. 39,022-CA.
Court of Appeal of Louisiana, Second Circuit.
November 23, 2004.
*330 S.P. Davis, Sr., Shreveport, for Appellant.
Larry English, Shreveport, for Appellee, KSLA, LLC, dba Channel 12.
Roy L. Beard, Shreveport, for Appellee, KTBS, Inc.
Before WILLIAMS, GASKINS and DREW, JJ.
WILLIAMS, Judge.
The plaintiffs, Bobby Johnson, Reather Cato, Ruby J. Orr, L.P. Blackmun, Robert J. Johnson, Willie C. Johnson, David Johnson, Jr. and Layseal J. Abney, appeal a *331 judgment in favor of the defendants, KTBS, Inc., d/b/a Channel Three ("KTBS") and KSLA, LLC., d/b/a Channel Twelve ("KSLA"). The district court granted defendants' motions to strike pursuant to LSA-C.C.P. art. 971 and KSLA's exception of no cause and no right of action. For the following reasons, we affirm.

FACTS
On March 9, 2002, David Johnson and his wife, Ruby Johnson, were shot and killed in their home in Bienville Parish. The alleged murderer was their son, Robert Lee Johnson, who suffered from mental illness. On March 10, 2002, KTBS crime reporter Chris Redford and a photographer spoke with Bienville Parish Sheriff John Ballance about the double homicide. According to the reporter, Sheriff Ballance stated that the victims, David and Ruby Johnson, were brother and sister. This information was also given to KSLA reporter William Hayes by Deputy Randy Price, chief investigator of the Bienville Parish Sheriff's office.
On March 9, 2002, during the ten o'clock p.m. newscast, KSLA reported that David and Ruby Johnson, "A twin brother and sister, who investigators say later married and had children, are now dead allegedly at the hands of one of their sons." This story was repeated in the KSLA newscasts broadcast on March 10, 2002. The following day, managing news editor Jayne Rueben was informed that a Johnson family member had contacted the station to complain that KSLA had incorrectly reported that the murder victims were brother and sister. Rueben directed that future newscasts omit any reference to the victims as twins.
On March 11, 2002, KTBS reporter Redford interviewed on camera Ruby Orr and David Johnson, Jr., who identified themselves as children of the murder victims and siblings of the accused killer. On March 12, 2002, KTBS broadcast a segment of those interviews with the additional statement, "In an odd twist to this story, sources close to the investigation say that David Johnson Sr. and his wife Ruby were also twins, brother and sister." None of the victims' other children were identified. Later that day, Redford was telephoned by a woman who identified herself as a child of the victims. She stated that her parents were not brother and sister as reported. KTBS did not broadcast any other references to the victims as twins.
Subsequently, plaintiffs filed a petition for damages against the defendants, KTBS and KSLA, alleging defamation. KSLA filed an exception of no cause and no right of action. KTBS filed a special motion to strike the cause of action under LSA-C.C.P. art. 971 and KSLA adopted this motion.
After a hearing, the district court issued written reasons for judgment finding that the cause of action arose from defendants' right of free speech in connection with a public issue and that plaintiffs had not shown a probability of success because of the defendants' good faith publication of information from a reliable source. The court further found that with regard to the exception of no cause of action, the plaintiffs' petition did not state a claim for the relief sought and that plaintiffs did not have a right of action because the claim was for defamation of deceased relatives. The district court rendered judgment granting the motions to strike and the exception of no cause and no right of action. Plaintiffs appeal the judgment.

DISCUSSION
The plaintiffs contend the district court erred in granting the motions to strike pursuant to LSA-C.C.P. art. 971. Plaintiffs argue that the defendants' *332 broadcast of the allegation that their parents were related as brother and sister constitutes defamation of plaintiffs' reputation, because they would necessarily be considered children of an incestuous relationship.
LSA-C.C.P. art. 971 provides that a cause of action against a person arising from any act in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that plaintiff has established a probability of success on the claim. Thus, the moving party must first satisfy the burden of proving that the cause of action arises from an act in the exercise of his right of free speech regarding a public issue. If the mover satisfies this initial burden of proof, then the burden shifts to plaintiff to show a probability of success on his claim. Thomas v. City of Monroe, 36,526 (La.App.2d Cir.12/18/02), 833 So.2d 1282. Article 971 was enacted by the legislature as a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. Lee v. Pennington, 02-0381 (La.App. 4th Cir.10/16/02), 830 So.2d 1037.
In the present case, the statements alleging that the victims were brother and sister were broadcast by defendants in news stories about the couple's murder. Thus, the plaintiffs' cause of action arose from the defendants' exercise of free speech in reporting a matter of public interest, triggering the application of the special motion to strike. In order to overcome defendants' motion, the plaintiffs were required to demonstrate a probability of success on their claim of defamation.
To maintain an action for defamation, the plaintiff has the burden of proving five elements: (1) defamatory words, (2) unprivileged publication, (3) falsity, (4) malice (actual or implied), and (5) injury. Gugliuzza v. K.C.M.C., Inc., 606 So.2d 790 (La.1992). A defamatory communication is one that tends to harm the reputation of another so as to lower him in the estimation of the community. Sassone v. Elder, 626 So.2d 345 (La.1993).
Whether a particular statement is objectively capable of having a defamatory meaning is a legal issue to be decided by the court, considering the statement as a whole, the context in which it was made and the effect it is reasonably intended to produce in the mind of the average listener. Bell v. Rogers, 29,757 (La.App.2d Cir.8/20/97), 698 So.2d 749. Defamatory communications violate one's right to a good reputation and give rise to a cause of action to recover damages because of the violation. Once a person is dead, there is no extant reputation to injure or for the law to protect. Since the cause of action is intended to redress injuries to one's reputation, defamatory words must be "of and concerning" the plaintiff. Gugliuzza v. K.C.M.C., supra.
In opposition to the defendants' motion to strike, affidavits were submitted by a number of plaintiffs, including Reather Cato, Bobby Johnson, David Johnson, Jr. and Ruby Orr. In substantially identical language, the plaintiffs' affidavits stated that their parents were not brother and sister, that defendants' broadcast was false, that plaintiffs and their family have been embarrassed and humiliated by the false statements, that the reputation of plaintiffs and their family has been damaged in the community by publication of the statements, that plaintiffs have been required to explain the false statements to many friends and neighbors and that *333 plaintiffs continue to experience mental anguish and distress as a result of defendants' news broadcasts.
In addition, Cato stated that she telephoned KTBS on March 11, 2002, and told the reporter that the statement about her parents was false. However, she was told that the station would not stop broadcasting the statement because the sheriff had said it was true. Bobby Johnson stated that he spoke with Sheriff Ballance and was told that neither the sheriff nor any member of his office had informed defendants that the victims were brother and sister. David Johnson, Jr. and Ruby Orr stated that they were interviewed on "defendants' television station" on March 10, 2002, and told the reporter that their parents were not brother and sister, but that defendants continued to broadcast the false statement. A family friend, Eva Lee Brown, stated in her affidavit that she had been personally acquainted with the murder victims, that she knew they were not brother and sister, that Sheriff Ballance had denied giving that information to defendants and that she had informed KTBS that the statement was not true.
The tort action of defamation is personal to the party defamed. The general rule precludes a person from recovering for a defamatory statement made about another, even if the statement indirectly inflicts some injury upon the party seeking recovery. Coulon v. Gaylord Broadcasting, 433 So.2d 429 (La.App. 4th Cir.1983); McBeth v. United Press International, Inc., 505 F.2d 959 (5th Cir.1974).
The plaintiffs contend that unlike the situation in Gugliuzza, they do not seek recovery for defamation of their memory of their parents, but seek redress for a direct injury to their own reputations. However, any such harm is actually based on the statement that their deceased parents were brother and sister, an allegedly defamatory statement made about another. The record shows that the complained of statements broadcast by defendants did not contain a direct reference to any of the plaintiffs, who were not individually named or identified in the communications at issue.
Other than the unsupported conclusions stated in their affidavits, the plaintiffs have not shown how their reputations in the community were harmed by the statement concerning their deceased parents. Thus, plaintiffs did not present evidence demonstrating that they were defamed by the communications at issue in this case. Consequently, we cannot say the district court erred in concluding that plaintiffs failed to satisfy their burden of establishing a probability of success on their defamation claim and in granting the special motions to strike.
Even if we were to accept for the purpose of argument that the statements were defamatory to the plaintiffs, the record supports a finding that the defendants acted in good faith reliance upon information provided by the sheriff of Bienville Parish. In cases involving statements made with regard to a matter of public concern, the plaintiff must prove actual malice, which means that the defendant either knew the statement was false or acted with reckless disregard for the truth. Bell v. Rogers, 29,757 (La.App.2d Cir.8/20/97), 698 So.2d 749.
In the present case, plaintiffs submitted several affidavits alleging that Sheriff Ballance had denied informing defendants that the married victims were brother and sister. However, the sheriff did not make such a denial in his affidavit. Rather, he stated that in responding to media questions, he did not verify the information that the murder victims were twins. In addition, reporters employed by each of *334 the defendants submitted affidavits stating that while covering the murder story, they had been informed by the sheriff or personnel in his office that the victims were twins.
The record supports a finding that defendants did not broadcast the statements at issue with knowledge that the information was false or with reckless disregard for the truth. The evidence presented indicates that both defendants ceased using the relationship information about the victims after being notified by one of their children that the statement was false. Thus, even if the statements broadcast in news coverage of a crime of public concern were defamatory to the plaintiffs, they failed to meet their burden to present evidence of actual malice on the part of defendants. Consequently, the plaintiffs could not establish a probability of success on their defamation claim and the district court correctly granted the special motions to strike. The assignment of error lacks merit.

Abuse of Rights
The plaintiffs argue that defendants committed an abuse of rights in reporting that the murder victims were brother and sister because the defendants' primary motive was to cause harm to plaintiffs as the surviving children. Louisiana Constitution Article I, § 7 provides that no law shall restrain the freedom of speech or of the press. Every person may speak, write and publish his sentiments on any subject, but is responsible for abuse of that freedom.
The abuse of rights doctrine is a civilian concept which is applied only in limited circumstances because its application renders unenforceable one's otherwise judicially protected rights. Steier v. Heller, 31,733 (La.App.2d Cir.5/5/99), 732 So.2d 787. This doctrine applies only when one of the following conditions is met: (1) the predominant motive for exercise of the right is to cause harm; (2) there is no legitimate motive for exercise of the right; (3) exercise of the right violates moral rules, good faith, or elementary fairness; or (4) exercise of the right is for a purpose other than that for which it was granted. Steier v. Heller, supra.
Contrary to plaintiffs' argument, the record supports a finding that the defendants' predominant motive in reporting that the victims were twins was not to harm plaintiffs, but to raise a potential contributing factor leading to the victims' murder by their son. Plaintiffs acknowledge in their brief that a possible motive for defendants' report that the victims were siblings was to give an explanation for the psychological impairment of the son. In addition, as previously stated, the district court could reasonably have found that defendants acted in good faith in reporting the information obtained from the sheriff and in stopping the reports once contacted by the family. There has been no showing that defendants broadcast these statements for any purpose other than the exercise of their right to freedom of speech.
Based upon this record, plaintiffs have not presented evidence to establish any of the conditions required for application of the abuse of rights doctrine. The plaintiffs' argument lacks merit. In concluding that the district court did not err in granting the special motions to strike pursuant to Article 971, we pretermit a discussion of the remaining assignment of error regarding the exception of no cause and no right of action.

CONCLUSION
For the foregoing reasons, the district court's judgment is affirmed. Costs of this appeal are assessed to the appellants, Bobby *335 Johnson, Reather Cato, Ruby J. Orr, L.P. Blackmun, Robert J. Johnson, Willie C. Johnson, David Johnson, Jr. and Layseal J. Abney.
AFFIRMED.