STEWART, J.
11James M. Jones, Jr., also known as Mike Jones (“Jones”), appeals the district court’s judgment that granted Delta Fuel Co. Inc.’s (“Delta Fuel”) special motion to strike. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
In 2009, Mike Jones Flying Service, Inc., became indebted to Delta Fuel in the amount of $8,702.46. Delta Fuel’s counsel sent three certified letters to Jones Flying Service, Inc., to the following address in an attempt to recover the debt:
Jones Flying Service, Inc.
Mike Jones P.O. Box 156 Epps, Louisiana 71237
Jones signed for each letter, but failed to make any attempt to contact Delta Fuel, or to satisfy the debt.
After Jones failed to respond, Delta Fuel filed suit against Jones Flying Service to collect the money owed on August 31, 2009. Delta Fuel requested service as follows:
JONES FLYING SERVICE
401 Fortune Drive Monroe, Louisiana 71201
On September 15, 2009, service was personally made upon Jones Flying Service, Inc., by way of Diana Jones, Jones’s wife, at this address. This location is the Joneses’ residential address. Jones ignored the petition, and a default judgment was rendered against Jones Flying Service on January 26, 2010. On February 6, 2010, notice of judgment was personally served upon Diana for Jones Flying Service, Inc.
[2Pelta Fuel filed a motion seeking to perform a judgment debtor exam on Jones Flying Service. Jones Flying Service was issued an order to appear on July 2, 2010. Service was requested and personally made upon it, via Diana, at the previously mentioned address on May 14, 2010. Jones ignored the order.
After no one appeared for the July 2, 2010, judgment debtor exam, Delta Fuel filed a rule for contempt against Jones Flying Service on July 22, 2010. On August 16, 2010, Jones Flying Service was served, via Diana, with an order to appear at a hearing on the rule set for September 1, 2010. Again, no one appeared on its behalf for this hearing.
On September 10, 2010, Delta Fuel filed a second rule for contempt against Jones Flying Service. A second order to appear at a hearing on the rule was issued to “Mike Jones, Jones Flying Service,” directing Mike Jones to appear at a hearing set for November 8, 2010. On October 7, 2010, Jones was personally served with the order as follows:
*355 MIKE JONES JONES FLYING SERVICE 401 FORTUNE DRIVE MONROE, LA 71201
Jones did not respond to the rule for contempt, nor did he appear at the November 8, 2010, hearing. As a result, the district court issued a writ of attachment-bench warrant for the apprehension of Jones Flying Service, Inc., namely James M. Jones, for failure to appear at the hearing after having been personally served and ordered to appear according to the law. During the early morning of November 10, 2010, Jones was apprehended by the Ouachita Parish Sheriffs Office.
|sOn January 8, 2011, Jones filed a petition against Delta Fuel, seeking damages for his arrest pursuant to the writ of attachment. In turn, Delta Fuel filed a special motion to strike and a motion for summary judgment. The trial court granted Delta Fuel’s special motion to strike, and ordered Jones to pay court costs and attorney fees.
Jones appeals.
LAW AND DISCUSSION
In Jones’s sole assignment of error, he argues that the trial court erred in granting Delta Fuel’s special motion to strike, in dismissing his suit, and in casting him with costs and attorney’s fees. He alleges that Delta Fuel sued the wrong defendant in the wrong court and served the wrong agent for service of process. Jones further alleges that he “erroneously” appeared in these proceedings as agent for service of process. He does not find it unreasonable for him to believe that the order regarding the rule for contempt was just another service on Jones Flying Service, erroneously made through him. However, Jones does admit that the account sued upon was actually owed by his business, Mike Jones Flying Service, Inc., which is domiciled in West Carroll Parish, Louisiana, and for which he is the agent for service of process.
The granting of a special motion to strike presents a question of law. Questions of law are reviewed de novo, with the judgment rendered “on the record, without deference to the legal conclusions of the tribunals below.” In re Succession of Carroll, 46,327 (La.App.2d Cir.7/20/11), 72 So.3d 884; Thinkstream, Inc. v. Rubin, 06-1595 (La.App. 1 Cir.9/26/07), 971 So.2d 1092, writ denied, 07-2113 (La.1/7/08), 973 So.2d 730.
|4La. C.C.P. art. 971(A)(1), which defines a special motion to strike, provides:
A cause of action against a person arising from any act of that person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that plaintiff has established a probability of success on the claim.
Section (F)(1)(a) of this article defines an “[a]ct in furtherance of a person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue” to include “[a]ny written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.
The moving party must first satisfy the burden of proving the cause of action arises from an act in the exercise of his right of free speech regarding a public issue. If the mover satisfies this initial burden of proof, then the burden shifts to the plaintiff to show a probability of success on his claim. Johnson v. KTBS, Inc., 39,022 (La.App.2d Cir.11/23/04), 889 So.2d 329, writ denied, 2004-3192 (La.3/11/05), *356 896 So.2d 68; Thomas v. City of Monroe, 36,526 (La.App.2d Cir.12/18/02), 833 So.2d 1282. When the plaintiff is unable to meet this burden, the special motion to strike should be granted. If the defendant is successful on his motion, the defendant shall be awarded reasonable attorney fees and costs. La. C.C.P. art. 971(B).
Article 971 was enacted by the legislature as a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of | .¡speech and petition for redress of grievances. Johnson, supra; Lee v. Pennington, 02-0381 (La.App. 4th Cir.10/16/02), 830 So.2d 1037. The special motion to strike applies to allegations made in pleadings by attorneys on behalf of their clients to protect their clients’ right to free speech, and it is not limited only to actions involving free speech. In re Succession of Carroll, supra; Thinkstream, supra.
In the case sub judice, Delta Fuel filed a motion to strike Jones’s petition pursuant to La. C.C.P. art. 971 because Jones’s action taken against Delta Fuel arose from its actions undertaken in a judicial proceeding and pleadings filed in court. More specifically, Jones’s action taken against Delta Fuel arose from the motion it filed for contempt, and the damages Jones sustained are a direct result of the trial court’s issuance of the writ of attachment-bench warrant. This writ of attachment was issued only after Delta Fuel obtained a default judgment, filed a motion to examine the judgment debtor, filed a rule for contempt when Jones did not appear, and filed a second rule for contempt when Jones failed to appear for the first contempt hearing. Therefore, the damages claimed in the instant case arise from actions undertaken in a judicial proceeding and pleadings filed in court.
The damages Jones alleges he sustained were the direct result of his failure to comply with a court order commanding his appearance on November 8, 2010. This order was personally served on Jones by the Ouachita Parish Sheriffs Office on October 17, 2010. However, he chose to ignore the rule for contempt because he alleged that he “had no connection with or relationship to Jones Flying Service.”
| fiThe correctness of a court order or ruling is not contested by deciding to willfully disobey it, without suffering the consequence of that disobedience. Respect for the judicial process is a small price for the civilizing hand of law. Absent a showing of transparent invalidity or patent frivolity surrounding the order, it must be obeyed until stayed or reversed by orderly review. Dauphine v. Carencro High School, 02-2005 (La.4/21/03), 843 So.2d 1096; City of Lake Charles v. Bell, 347 So.2d 494 (La.1977).
Jones’s remedy in this case would have been to appear as ordered and explain to the court why the order was incorrect. He did not have the option to willfully ignore the order. Jones had numerous opportunities to respond to the pleadings and inform the court that he was not the registered agent for Jones Flying Service, Inc. In fact, he could have responded and informed the court that the account sued upon was actually owed by his business, Mike Jones Flying Service, Inc., which is domiciled in West Carroll Parish, Louisiana, and for which he is the agent for service of process. Any damages that Jones sustained were caused by his decision to ignore a legitimate court order that was personally served to him, ordering him to appear. His arrest and subsequent public humiliation resulted from his decision not to appear, and any damages he suffered were a result of his actions.
*357 We find that Delta Fuel met its burden of proving that Jones’s cause of action arose from acts it undertook in the exercise of its right of petition. Thus, the burden shifted to Jones to demonstrate a probability of success on his claim. After a thorough review of the record, we find that it supports the |7district court’s finding that Jones would be unable to satisfy his burden. This assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, we affirm the district court’s granting of the special motion to strike in favor of Delta Fuel. Costs of the appeal are assessed to the plaintiff, James M. Jones, Jr., also known as Mike Jones.
AFFIRMED.