# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JOEL G. PORTER

VERSUS

PEOPLE MAGAZINE TIME, INC., TIME
INC. BOOKS D/B/A PEOPLE MAGAZINE
AND ANNE LANG AND STEVE HELLING (IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES WITH PEOPLE MAGAZINE AND
TIME INC. BOOKS AND TIME, INC.)

**SEPTEMBER 23, 2019**

---

In Re:   Time Inc. and Steve Helling, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 644,603.

---

**BEFORE:   WHIPPLE, C.J., WELCH, CRAIN, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.** The district court's April 8, 2019 ruling denying the Defendants, Time Inc. and Steve Helling's, Special Motion to Strike is reversed. "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim." La. Code Civ. P. art. 971(A)(1). If the mover on a special motion to strike makes a prima facie showing that his comments were constitutionally protected and in connection with a public issue, the burden shifts to the plaintiff to demonstrate a probability of success on the claim. **Shelton v. Pavon**, 2017-0482 (La. 10/18/17), 236 So.3d 1233, 1237. If the plaintiff can demonstrate a probability of success on any of his claims, then the special motion to strike must fail. **Id.** Time Inc. and Steve Helling successfully demonstrated that their statements were made in furtherance of their First Amendment rights and in connection with a public issue. See **Cox Broadcasting Corp. v. Cohn**, 420 U.S. 469, 492, 95 S.Ct. 1029, 1045, 43 L.Ed.2d 328 (1975) (holding crime is an issue of public interest); see also **Johnson v. KTBS, Inc.**, 39,022 (La. App. 2d Cir. 11/23/04), 889 So.2d 329, 334, writ denied, 2004-3192 (La. 3/11/05), 896 So.2d 68; **Breen v. Holmes**, 2016-1591 (La. App. 1st Cir. 12/7/17), 236 So.3d 632, 637. The burden then shifted to Joel G. Porter to demonstrate probability of success on the merits. Joel G. Porter failed to submit any evidence to demonstrate a probability of success on the merits. "[A]rgument of counsel and briefs, no matter how artful, are not evidence." **Regan v. Caldwell**, 2016-0659 (La. App. 1st Cir. 4/7/17), 218 So.3d 121, 128, writ denied, 2017-0963 (La. 4/6/18), 239 So.3d 827. Failure to produce supporting affidavits or otherwise competent evidence is insufficient to overcome a special motion to strike. **Id.** Therefore, Joel G. Porter failed to demonstrate a probability of success on the merits as to his claims against Time Inc. and Steve Helling. As such, Time Inc. and Steve Helling's Special Motion to Strike is hereby granted, and all claims against Time Inc. and Steve Helling are dismissed with prejudice.

Louisiana Code of Civil Procedure article 971(B) provides that, in any action subject to paragraph (A) of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs. This matter is remanded to the district court for a determination of the amount of reasonable attorney fees and costs to be awarded to the defendants, Time Inc. and Steve Helling.

**VGW**
**AHP**
**WIL**

**Welch, J.**, dissents and would deny the writ application.

**Crain, J.**, dissents and would not consider the writ application at this time on an expedited basis.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT