Judgment rendered March 11, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,348-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MICKEY McGUINNESS
QUINLAN, MACKEY SUGAR
QUINLAN, AND CHARLES
BRIAN SUGAR

Plaintiffs- 2nd Appellants

versus

MELISSA SUGAR-GOLD

Defendant-1st Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 574,162

Honorable Craig Owen Marcotte, Judge

* * * * *

THE PESNELL LAW FIRM, APLC
By: Billy Ray Pesnell
   John Whitney Pesnell

Counsel for 1st Appellant,
Melissa Sugar-Gold

McMICHAEL, MEDLIN, D'ANNA
By: James C. McMichael, Jr.
   Elizabeth E. Wong

Counsel for 2nd Appellants,
Mickey McGuinness Quinlan,
Mackey Sugar Quinlan, and
Charles Brian Sugar

* * * * *

Before WILLIAMS, STEPHENS, and McCALLUM, JJ.

**STEPHENS, J.**

Defendant, Melissa Sugar-Gold, and plaintiffs, Mickey McGuiness Quinlan, Mackey Sugar Quinlan, and Charles Brian Sugar, appeal a judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana, awarding defendant attorney fees in connection with her special motion to strike wherein she prevailed against plaintiffs. For the following reasons, we affirm in part and reverse in part the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

This matter arises from plaintiffs' petition for injunctive relief and damages for defamation and intentional infliction of emotional distress filed against defendant in January 2014. The underlying facts of the action are discussed in this court's previous opinion, *Quinlan v. Sugar-Gold*, 51,191 (La. App. 2 Cir. 4/5/17), 219 So. 3d 1173 ("*Quinlan I*"). In response to plaintiffs' petition, defendant filed peremptory exceptions of no cause of action and prescription as well as a special motion to strike plaintiffs' petition, pursuant to La. C.C.P. art. 971. The trial court granted defendant's special motion to strike and dismissed plaintiffs' petition with prejudice. However, the trial court denied defendant's request for attorney fees and ordered the parties to bear their own costs. Defendant filed a motion for new trial, arguing an award of attorney fees and costs was mandated under La. C.C.P. 971(B); the trial court denied this. Both parties appealed the trial court's judgment. In *Quinlan I*, this court affirmed the trial court's ruling granting defendant's special motion to strike and reversed the trial court's ruling denying attorney fees. The matter was remanded to the trial court. The trial court subsequently held a hearing on March 4, 2019, wherein defendant put on evidence in support of her claim for a total of $109,275 in

attorney fees and costs. The trial court issued a written opinion on May 29, 2019, and judgment was thereafter filed on June 13, 2019, awarding defendant $48,588.33 in attorney fees and costs in connection with her special motion to strike and denying her claim for attorney fees in connection with her prior appeal, exceptions of no cause of action and prescription, and motion for new trial.[1] Both parties appeal the trial court's judgment.

## DISCUSSION

### *Legal Principles*

Louisiana C.C.P. art. 971 provides, in pertinent part:

A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

. . .

B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.

Article 971 was enacted by the legislature as a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. *Johnson v. KTBS, Inc.*, 39,022 (La. App. 2d Cir. 11/23/04), 889 So. 2d 329, *writ denied*, 2004-3192 (La.

---

[1]The trial court's judgment does not expressly mention defendant's motion for new trial, but its opinion makes clear it did not award any attorney fees in connection with that motion.

2

3/11/05), 896 So. 2d 68. In the act that created art. 971 (1999 La. Acts No. 734, § 2), the legislature stated its intent in enacting the provision as follows:

> Section 2. The legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. The legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, it is the intention of the legislature that the Article enacted pursuant to this Act shall be construed broadly.

In any action subject to La. C.C.P. art. 971(A), a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs. La. C.C.P. art. 971(B); *In re Succession of Carroll*, 46,327 (La. App. 2 Cir. 7/20/11), 72 So. 3d 384, *writ not cons.*, 2011-1844 (La. 11/4/11), 75 So. 3d 912. As a general rule, attorney fees are not allowed in Louisiana unless they are authorized by statute or provided for by contract. *State, Dept. of Transp. & Dev. v. Wagner*, 2010-0050 (La. 5/28/10), 38 So. 3d 240; *Carroll Insulation & Window Co., Inc. v. Biomax Spray Foam Insulation, LLC*, 50,112 (La. App. 2d Cir. 11/18/15), 180 So. 3d 518. Statutes providing for penalties and/or attorney fees are penal in nature and must be strictly construed. *See Langley v. Petro Star Corp. of La.*, 2001-0198 (La. 6/29/01), 792 So. 2d 721; *Jones v. Johnson*, 45,847 (La. App. 2d Cir. 12/15/10), 56 So. 3d 1016. An award of attorney fees is a type of penalty imposed, not to make the injured party whole, but rather to discourage a particular activity on the part of the opposing party. *Langley*, *supra*; *Sharbono v. Steve Lang & Son Loggers*, 1997-0110 (La. 7/1/97), 696 So. 2d 1382. In the context of the special motion to strike, the trial court's award of attorney fees is subject to the deferential abuse of discretion standard of review. *See Davis v. Benton,*

3

03-0851 (La. App. 1 Cir. 2/23/04), 874 So. 2d 185 (finding "no abuse of discretion" in the trial court's award of attorney fees).

*Attorney Fees for Exceptions of No Cause of Action*
*and Prescription and Motion for New Trial*

In her first assignment of error, defendant asserts the trial court erred in failing to award her reasonable attorney fees and costs in connection with her exceptions of no cause of action and prescription and her motion for a new trial. Defendant argues the exceptions of no cause of action and prescription are directly related and associated with the "probability of success" on the motion to strike and asserts "probability of success" is a crucial issue on a motion to strike under art. 971. She further points to this language of art. 971(2): "In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." She argues while not all exceptions may be relevant to or associated with a motion to strike, exceptions are pleadings, and the exceptions of no cause of action and prescription clearly have bearing on the success or failure of a motion to strike.

Plaintiffs argue an award for professional service outside of the work done on the special motion to strike would encourage attorneys to attempt a special motion to strike in an effort to have all of their work compensated by the opposing party, abusing the court system's time and resources. They further assert if a special motion to strike is warranted, then there would be no need to file additional exceptions or motions as the "probability of success" is the burden of proof for the special motion to strike alone.

4

Because attorney fees are penal in nature and must be strictly construed, courts interpret La. C.C.P. art. 971(B) as limiting recovery to those attorney fees and costs specifically associated with the special motion to strike. *Langley*, *supra*; *Jones*, *supra*; *Delta Chem. Corp. v. Lynch,* 2007-0431 (La. App. 4 Cir. 2/27/08), 979 So. 2d 579, *writs denied,* 2008-0683, 2008-0761 (La. 5/30/08), 983 So. 2d 898. In declining to award defendant attorney fees for work done on her two exceptions and motion for new trial, the trial court relied on *Delta Chem. Corp.*, *supra*, which held as follows*:*

> [The prevailing party] can recover only those fees associated with the motion to strike. We do not agree with the [prevailing party's] position that [it] is entitled to recover the attorney's fees and costs incurred from the time the suit was filed until the day the trial court made the award. Thus, for example, [it] cannot recover attorney's fees related to its litigation in this case of the venue issue. Therefore, we find the award of $20,000.00 is excessive and reverse the judgment of the trial court.

*Id*. at 588.

Here, defendant asserts that the arguments made in her exceptions directly supported her special motion to strike. Acknowledging the nature of these exceptions is more related to the special motion to strike than the issue of venue referenced in *Delta Chem. Corp*, we nevertheless find the association is insufficient to warrant recovery under art. 971. Notably, defendant's exceptions were not required for her to successfully litigate her special motion to strike. The exceptions, instead, were independent procedural devices that merely repeated arguments made in the special motion to strike and thus served as back-up strategies in the event the trial court found defendant had not satisfied the more stringent burden of proof of the special motion to strike. Therefore, considering the repetitive and unnecessary nature of defendant's exceptions of no cause of action and

5

prescription with regard to her special motion to strike, we find the trial court did not err in declining to award attorney fees and costs in connection with those exceptions.

Regarding her motion for new trial, defendant asserts the motion on its face sought relief from the trial court's erroneous failure to award her attorney fees and costs and is thus directly related to and associated with her claim for attorney fees and costs under art. 971. We agree. Plaintiffs' argument that this claim for attorney fees for the motion for new trial was appropriately denied because the motion was based on defendant's request for attorney fees, not the special motion to strike itself, is unconvincing. A motion whose sole purpose was to enforce a provision of art. 971 is clearly associated with that article. We also note where a party is forced to litigate payment of a fee to which it is entitled, courts have allowed collection of an additional fee for that work as well. *See Quantum Res. Mgmt., L.L.C. v. Pirate Lake Oil Corp.*, 13-74 (La. App. 5 Cir. 10/30/13), 128 So. 3d 462, *writ denied*, 2013-2759 (La. 2/14/14), 132 So. 3d 963. Accordingly, the trial court erred in failing to award defendant attorney fees for the work performed in connection with her motion for new trial. While a hearing on those fees has already been held in the trial court, and the evidence is contained in the record before us, we believe the trial court is in a better position to apply the relevant law to the particular facts and circumstances of the case in order to determine a reasonable attorney fee for services performed in the trial court, namely, those for the motion to new trial. Therefore, we remand the case to the trial court with instruction to award defendant reasonable attorney fees and costs in connection with her motion

for new trial.  The defendant's claims regarding the exceptions of no cause of action and prescription are without merit.

*Attorney Fees for Appeal of Trial Court's Original Judgment*

In her second assignment of error, defendant asserts the trial court erred in failing to award her the reasonable attorney fees and costs incurred in connection with her appeal from the trial court's original judgment. Defendant argues there is nothing in the decree in *Quinlan I* that limits the trial court's award to the professional services performed by defendant's attorney in the trial court alone.  She asserts absent a clear expression of intent, it cannot be presumed the court *Quinlan I* intended to work a forfeiture of defendant's entitlement to attorney fees for services provided on appeal.  In support of her claim, defendant notes the legislative intent that art. 971 be construed broadly in order to avoid the "chilling" effect of unfounded suits on freedom of speech and press and argues this intent cannot be accomplished unless the reasonable attorney fees incurred by the defendant are shifted to the plaintiff.

Plaintiffs argue the opposite—if the court in *Quinlan I* had intended to award appellate attorney fees, then it would have done so.  They also assert while the application of art. 971 as a procedural mechanism to further the public policy it was intended for should be construed broadly, the award of attorney fees should be strictly construed.

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.  La. C.C.P. art. 2164.  The general rule regarding additional attorney fees for work done on appeal is that an increase in attorney fees is usually allowed where a party was awarded attorney fees by the trial court and is forced to and successfully defends an

7

appeal. *Carter . City of Shreveport*, 51,589 (La. App. 2 Cir. 9/27/17), 244 So. 3d 659. It is within the appellate court's discretion to award or increase attorney fees for appellate work. *Nesbitt v. Nesbitt,* 46,514 (La. App. 2 Cir. 09/21/11), 79 So. 3d 347, *writ denied,* 2011-2301 (La. 12/02/11), 76 So. 3d 1178. The skill exercised by the attorney and the time and work done on the appeal are factors considered in determining the amount of the award for attorney fees. *Wilks v. Ramsey Auto Brokers, Inc.*, 48,738 (La. App. 2 Cir. 1/15/14), 132 So. 3d 1009. The jurisprudence has also determined that when an issue of attorney fees is present in the case, it is within the appellate court's discretion to award or increase attorney fees for the expense of the appeal regardless of whether the appellee answered the appeal. La. C.C.P. art. 2164; *Nesbitt*, *supra.* An appellate court can evaluate the work of counsel and make an award of attorney fees for work at the appellate level. *O'Brien v. Remington Arms Co.*, *Inc.*, 601 So. 2d 330 (La. App. 2 Cir. 1992), *writ denied*, 604 So. 2d 1003 (La. 1992). Furthermore, even when requested, additional attorney fees may not be granted where the appellate court finds the amount awarded in the trial court was sufficient to compensate counsel for both the work before the trial court and on appeal. *Strong v. Eldorado Casino Shreveport Joint Venture,* 46,464 (La. App. 2 Cir. 8/10/11) 73 So. 3d 967, *writ denied,* 2011-1975 (La.11/14/11), 75 So. 3d 947.

In *Quinlan I*, this court stated:

> For the foregoing reasons, we affirm the trial court's ruling which granted the defendant's special motion to strike. We reverse the trial court's ruling denying attorney fees and we remand this matter with instructions to the trial court to award the defendant reasonable attorney fees and costs. Costs of this appeal are assessed to the plaintiffs, Mickey McGuinness Quinlan, Mackey Sugar Quinlan and Charles Brian Sugar.

8

While *Quinlan I* is silent as to attorney fees for services rendered on appeal, subsequent to that appeal, defendant requested those fees in the trial court. The trial court denied that request, stating:

> This court was unable to find any jurisprudence in which a trial court [rather than an appellate court] granted an award of attorney's fees for work done on appeal. Therefore, this Court finds that it would be procedurally improper to award attorney's fees for work done by Defendant on appeal to the Second Circuit. It is the opinion of this Court that such an award would more properly be requested of and determined by the Second Circuit, as the venue which Defendant incurred the appellate attorney's fees and costs for which he now seeks recovery. Accordingly, this Court's award excludes any attorney's fees and costs associated with Defendant's defense of the special motion to strike on appeal.

Here, defendant was successful in obtaining relief on appeal, plaintiffs were unsuccessful in obtaining relief on appeal, and the appeal necessitated additional work by counsel for defendant. We note, however, the issues and arguments on appeal had already been fleshed out and thoroughly addressed throughout the pleadings and proceedings in the trial court. Accordingly, considering the mandatory attorney fee language in art. 971(B), we find, under the facts and circumstances, a reasonable attorney fee award for work done on *Quinlan I* is $1,500. We note defendants have not requested attorney fees for work performed on the instant appeal. However, we find the $1,500 awarded herein for work done on *Quinlan I*, in conjunction with the trial court's award below, is likewise reasonable and sufficient to compensate counsel for work done on the instant appeal.

*Attorney Fees Awarded for Motion to Strike*

In her third assignment of error, defendant asserts the trial court erred in refusing to award her the sum of $99,085.00 as reasonable attorney fees and the sum of $9,140.10 as costs (for a total of $108,225.10) incurred in

9

connection with her motion to strike. In support of her claim, defendant points to the uncontested evidence she presented at the hearing on her attorney fees and costs. She notes plaintiffs called no witnesses and offered no evidence to show that any of the services performed or any of the amounts of time spent by defendant's attorney in connection with the motion to strike were unnecessary, unreasonable, or excessive in any way. Defendant asserts the award of attorney fees is fact-specific and must be determined on a case-by-case basis. She argues given the constitutional protection afforded freedom of speech, the extensive litigation defending plaintiffs' claims of defamation and intentional infliction of emotional distress, which sought both injunctive relief and damages, was justified, and an award of $108,225.10 is not unreasonable.

Plaintiffs assert in their sole assignment of error that the trial court erred in awarding defendant attorney fees and costs in connection with her special motion to strike that are far and above the reasonable standard dictated by the factors in Rule 1.5 of the Rules of Professional Conduct. They claim work on the special motion to strike for which the trial court awarded defendant attorney fees was commingled with work performed on her exceptions of no cause of action and prescription. Plaintiffs argue the factors should be applied only to the work done on the special motion to strike and, when so applied, weigh in favor of a reduced award of reasonable attorney fees.

The factors to be considered when determining the reasonableness of attorney fees are set forth in Rule 1.5 (a) of the Rules of Professional Conduct and are as follows: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of

10

money involved; (5) the extent and the character of the work involved; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and, (10) the court's own knowledge. *Rivet v. State, Dept. of Transp. & Dev.*, 1996-0145 (La. 9/5/96), 680 So. 2d 1154; *S. Trace Prop. Owner's Ass'n*, 52,653 (La. App. 2 Cir. 9/25/19), 280 So. 3d 826.

A reasonable attorney fee is determined by the facts of an individual case. *Cupit v. Hernandez*, 45,670 (La. App. 2d Cir. 9/29/10), 48 So. 3d 1114, *writ denied*, 2010-2466 (La. 12/17/10), 51 So. 3d 7. Each case is considered in light of its own facts and circumstances, but the amount awarded must be reasonable. *Carter*, *supra*. The trial court has discretion to determine the amount of an attorney fee based upon the court's own knowledge, the evidence, and the court's observation of the case and the record. *Delta Land & Inv., LLC v. Hunter Estates, Inc.*, 51,069 (La. App. 2 Cir. 1/11/17), 211 So. 3d 1255, 1263, *writ denied*, 2017-0264 (La. 3/31/17), 217 So. 3d 364. A court does not have to hear evidence concerning time spent or hourly rates charged in order to make an award since the record will reflect much of the services rendered. *Id.* Likewise, a court, in awarding attorney fees, is not bound by the amount actually charged by the attorney. *S. Trace Prop. Owner's Ass'n v. Williams*, *supra*. The trial court is vested with great discretion in arriving at an award of attorney fees. *Delta Land & Inv., LLC*, *supra*. The exercise of this discretion will not be reversed on appeal without a showing of abuse of discretion. *Id.*

In support of her argument, defendant relies on *Gwandiku v. State Farm Mut. Auto Ins. Co.*, 2007-580 (La. App. 3 Cir. 10/31/07), 972 So. 2d

334, where the defendant claimed the trial court erred by failing to grant all fees and costs as prayed for, as plaintiff submitted no evidence or testimony to controvert the amounts sought. There, plaintiff had submitted the affidavit of the attorney with an attached client ledger showing the actual amount of attorney fees and costs incurred totaled $4,001.00 in attorney fees and $739.16 in costs. The trial court, without explanation for the reduction, awarded only $3,000.00 in attorney fees and $434.95 in costs. On appeal, the court increased the award to the amount prayed for in the court below, stating "given the lack of any evidence in opposition thereto, and considering the article's mandatory language 'shall,' we find these awards to be manifestly erroneous." *Id*. at 339.

Here, defendant's evidence included the engagement letter between her and her attorney, showing the hourly rate of $350.00, which rate plaintiffs stipulated was reasonable for that attorney, and the attorney's affidavit summarizing his experience, along with his resumé and detailed invoices with time records attached. However, the trial court observed in its opinion that the invoices provided by defendant's attorney did not specifically delineate exactly what was performed on the motion to strike. Nevertheless, the trial court was able to provide a well-written and reasoned opinion outlining its reasons for judgment, noting it reviewed the invoices and identified the fees it determined to be associated with the motion to strike. The trial court also specifically noted its consideration of the Rule 1.5 Factors and its analysis of the evidence presented by defendants at the hearing. This case is distinguishable from *Gwandiku.* Though we may not be able to replicate the exact method by which the trial court arrived at the figure awarded due to the ambiguity of the invoices, it is clear the trial

12

court's departure from the amount requested by defendant was not executed without thought, reason, and justification. Like the trial court, we have reviewed the invoices as well as the record in its entirety, and, affording great weight to the discretion of the trial court to set attorney fees and costs, we cannot say its award to defendant in connection with her special motion to strike was clearly wrong or manifestly erroneous. Accordingly, the assignments of error of each party regarding the reasonableness of the attorney fees awarded by the trial court in connection with defendant's motion to strike are without merit.

## CONCLUSION

For the foregoing reasons, we reverse the portions of the trial court's judgment denying defendant, Melissa Sugar-Gold, reasonable attorney fees for her motion for new trial and prior appeal. All other portions of the trial court's judgment are affirmed. We award defendant a total of $1,500 in attorney fees for both the instant and prior appeal in this court. The matter is remanded to the trial court for further proceedings in accordance with this opinion. Costs of this appeal are assessed one-half to plaintiffs, Mickey McGuiness Quinlan, Mackey Sugar Quinlan, and Charles Brian Sugar, and one-half to defendant, Melissa Sugar-Gold.

**REVERSED IN PART; AFFIRMED IN PART; REMANDED FOR FURTHER PROCEEDINGS.**

13